1  Stephen C. Jensen (SBN 149,894)
   steve.jensen@knobbe.com
2  David G. Jankowski (SBN 205,634)
   david.jankowski@knobbe.com
3  Benjamin J. Everton (SBN 259,214)
   ben.everton@knobbe.com
4  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, 14th Floor
5  Irvine, CA  92614
   Telephone: (949) 760-0404
6  Facsimile: (949) 760-9502

7  Attorneys for Plaintiff
   **FISHER & PAYKEL HEALTHCARE LIMITED**
8

9

10          IN THE UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13

14  FISHER & PAYKEL                )  Case No. 8:19-CV-00835
    HEALTHCARE LIMITED, a New      )
15  Zealand corporation,           )
                                   )  **COMPLAINT FOR PATENT**
16                                 )  **INFRINGEMENT**
             Plaintiff,            )
17                                 )  **DEMAND FOR JURY TRIAL**
          v.                       )
18                                 )
    FLEXICARE INCORPORATED, a      )
19  California corporation,        )
                                   )
20           Defendant.            )
                                   )
21

22

23

24

25

26

27

28

Plaintiff Fisher & Paykel Healthcare Limited ("Plaintiff" or "Fisher & Paykel Healthcare") hereby complains of Defendant Flexicare Incorporated ("Flexicare") and alleges as follows:

## I.  THE PARTIES

1.      Plaintiff Fisher & Paykel Healthcare Limited is a New Zealand corporation having a principal place of business at 15 Maurice Paykel Place, East Tamaki, Auckland 2013, P.O. Box 14 348, Panmure, Auckland 1741, New Zealand.

2.      Upon information and belief, Defendant Flexicare is a corporation organized under the laws of the state of California with its principal place of business at 15281 Barranca Parkway, Unit D, Irvine, California.

## II.  JURISDICTION AND VENUE

3.      Fisher & Paykel Healthcare repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 2 of this Complaint.

4.      Fisher & Paykel Healthcare Inc. is a California corporation having a principal place of business in this Judicial District in Irvine, California 92618.

5.      With the authorization of Fisher & Paykel Healthcare Limited, Fisher & Paykel Healthcare Inc. sells in this Judicial District, and throughout the United States, products covered by one or more of the patents asserted herein.

6.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, more particularly, 35 U.S.C. §§ 271 and 281.

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Flexicare is incorporated in California and resides in California. Flexicare has committed acts complained of within California and within this Judicial District.  Flexicare is subject to personal jurisdiction in California and in this Judicial District.

9.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

### III.  <u>THE PATENTS-IN-SUIT</u>

10.    Fisher & Paykel Healthcare Limited is the owner by assignment of U.S. Patent 10,159,814, entitled "Components for Breathing Circuits" ("the '814 patent"), which the United States Patent and Trademark Office lawfully and duly issued on December 25, 2018.  A true and correct copy of the '814 patent is attached hereto as **Exhibit 1**.

11.    Fisher & Paykel Healthcare Limited is the owner by assignment of U.S. Patent 7,140,366, entitled "Expiratory Limb for a Breathing Circuit" ("the '366 patent"), which the United States Patent and Trademark Office lawfully and duly issued on November 28, 2006.  A true and correct copy of the '366 patent is attached hereto as **Exhibit 2**.

12.    Fisher & Paykel Healthcare Limited is the owner by assignment of U.S. Patent 10,252,017, entitled "Conduit With Heating Element" ("the '017 patent"), which the United States Patent and Trademark Office lawfully and duly issued on April 9, 2019.  A true and correct copy of the '017 patent is attached hereto as **Exhibit 3**.

13.    Fisher & Paykel Healthcare Limited is the owner by assignment of U.S. Patent 7,958,891, entitled "Method of Conveying Breathing Gases To or From a Patient" ("the '891 patent"), which the United States Patent and Trademark Office lawfully and duly issued on June 14, 2011.  A true and correct copy of the '891 patent is attached hereto as **Exhibit 4**.

14.    Fisher & Paykel Healthcare Limited is the owner by assignment of U.S. Patent 7,559,324 entitled "Conduit with Heated Wick" ("the '324 patent"), which the United States Patent and Trademark Office lawfully and duly issued on July 14, 2009.  A true and correct copy of the '324 patent is attached hereto as **Exhibit 5**.

15.    Fisher & Paykel Healthcare Limited is the owner by assignment of U.S. Patent 7,043,979 entitled "Respiratory Humidification System" ("the '979 patent"), which the United States Patent and Trademark Office lawfully and duly issued on May 16, 2006.  A true and correct copy of the '979 patent is attached hereto as **Exhibit 6**.

16.    Fisher & Paykel Healthcare Limited is the owner by assignment of U.S. Patent 8,267,092, entitled "Breathing Assistance Apparatus" ("the '092 patent"), which the United States Patent and Trademark Office lawfully and duly issued on September 18, 2012.  A true and correct copy of the '092 patent is attached hereto as **Exhibit 7**.

17.    Fisher & Paykel Healthcare Limited is the owner by assignment of U.S. Patent 7,493,902, entitled "Breathing Assistance Apparatus" ("the '902 patent"), which the United States Patent and Trademark Office lawfully and duly issued on February 24, 2009.  A true and correct copy of the '902 patent is attached hereto as **Exhibit 8**.

## IV.  DEFENDANTS' ACTIVITIES

18.    Upon information and belief, Flexicare has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products including at least Flexicare's VentiMyst heated breathing circuit products, including, without limitation, Flexicare's VentiMyst Adult Dual Heated Wire breathing circuit products, Flexicare's VentiMyst Neonatal Dual Heated Wire breathing circuit products, and Flexicare's VentiMyst Neonatal for SLE Ventilators breathing circuit products (collectively, the "VentiMyst Breathing Circuits").

19.    Upon further information and belief, Flexicare has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products including at least the Flexicare non-VentiMyst heated breathing circuit products, including, without limitation, the Adult Dual Heated

Wire breathing circuit products, Adult Dual Heated Wire Convertible breathing circuit products, Adult Single Heated Wire breathing circuit products, High Flow Oxygen Therapy Systems, Neonatal Dual Heated Wire breathing circuit products, Neonatal Dual Heated Wire for SLE breathing circuit products, Neonatal Single Heated Wire breathing circuit products, Neonatal Single Heated Wire for SLE breathing circuit products, Bubble CPAP Systems, Adult NIV Single Heated Wire breathing circuit products, Adult NIV Single Limb for BiPAP/CPAP breathing circuit products, and Neonatal Single Limb Heated Wire for CPAP/HFOT (collectively, the "Heated Breathing Circuits").

20.     Upon further information and belief, Flexicare has made, used, offered to sell, and/or sold within the United States, and/or has imported into the United States, products including at least Flexicare's Veoflo nasal cannula products (collectively, the "Veoflo Products").

## V.  CLAIMS FOR PATENT INFRINGEMENT

### FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 10,159,814)

21.     Fisher & Paykel Healthcare repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 20.

22.     Upon information and belief, Flexicare products, including at least the VentiMyst Breathing Circuits, infringe at least Claim 1 of the '814 patent under at least 35 U.S.C. § 271(a), (b), and (c).

23.     Upon information and belief, Flexicare has directly infringed one or more claims of the '814 patent through the manufacture, use, offering for sale, and/or selling within the United States, and/or importation into the United States, of breathing circuits, including the VentiMyst Breathing Circuits.

24.     For example, upon information and belief, Flexicare's VentiMyst Breathing Circuits include all of the limitations of Claim 1 of the '814 patent. The VentiMyst Breathing Circuits include a flexible breathing tube forming an

expiratory limb of the breathing circuit. The expiratory limb has an inlet that connects to and receives a flow of expiratory gases from a patient interface and an outlet that connects to and delivers the flow of expiratory gases to other equipment. The VentiMyst expiratory limb has an enclosing wall that forms a flexible singular expiratory flow conduit defining a flow passage between the inlet and the outlet. The enclosing wall has one or more regions that comprise a material that allows passage of water vapor without allowing passage of liquid water, forming a water vapor flow path from the flow passage to the ambient air through the material. The one or more regions of material are distributed over the length of the enclosing wall and they allow for the diffusion of water vapor along the flexible expiratory flow conduit. These one or more regions and the diffusion dry the flow of expiratory gases between the inlet and the outlet as the water vapor flows from the passage to the ambient air through the material.

25. Flexicare is aware of the existence of the '814 patent and its contents, at least in part through written communications notifying Flexicare of its infringement of this patent sent on behalf of Fisher & Paykel Healthcare and received by Flexicare on or about March 12, 2019.

26. Upon information and belief, Flexicare has actively induced others to infringe the '814 patent by marketing, offering for sale, and selling the above breathing circuits, including the VentiMyst Breathing Circuits, knowing and intending that such breathing circuits would be used by customers and end users in a manner that infringes the '814 patent. To that end, Flexicare provides instructions and teachings to its customers and end users that such breathing circuits be used to infringe the '814 patent. These acts by Flexicare constitute infringement of the '814 patent in violation of 35 U.S.C. § 271(b).

27. Upon information and belief, the acts of Flexicare constitute contributory infringement of the '814 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Flexicare contributorily infringes because, among

- 5 -

other things, Flexicare offers to sell and/or sells within the United States, and/or imports into the United States, components of breathing circuits, including the VentiMyst Breathing Circuits, that constitute material parts of the invention of the asserted claims of the '814 patent, that are not staple articles or commodities of commerce suitable for substantial non-infringing use, and that are known by Flexicare to be especially made or especially adapted for use in an infringement of the '814 patent.

28.    Upon information and belief, the infringement of the '814 patent by Flexicare has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '814 patent and its infringement thereof, thus acting in reckless disregard of the patent rights of Fisher & Paykel Healthcare.

29.    As a consequence of the infringement of the '814 patent, Fisher & Paykel Healthcare has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

30.    Upon information and belief, unless enjoined, Flexicare and/or others acting on its behalf, will continue their infringing acts relating to the '814 patent, thereby causing additional irreparable injury to Fisher & Paykel Healthcare for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

## (Infringement of U.S. Patent No. 7,140,366)

31.    Fisher & Paykel Healthcare repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 30.

32.    Upon information and belief, Flexicare products, including at least the VentiMyst Breathing Circuits, infringe at least Claim 1 of the '366 patent under at least 35 U.S.C. § 271(a), (b), and (c).

33.    Upon information and belief, Flexicare has directly infringed one or more claims of the '366 patent through the manufacture, use, offering for

sale, and/or selling within the United States, and/or importation into the United
States, of breathing circuits, including the VentiMyst Breathing Circuits.

34.    For example, upon information and belief, Flexicare's VentiMyst
Breathing Circuits include all of the limitations of Claim 1 of the '366 patent.
The VentiMyst Breathing Circuits include an expiratory limb for the breathing
circuit that includes an inlet, an outlet, and an enclosing wall that defines a
substantially singular exhalation flow passage between the inlet and outlet.  The
enclosing wall of the expiratory limb of the VentiMyst Breathing Circuits
includes one or more regions that comprise a material that allows for the
passage of water vapor through the material without allowing the passage of
liquid water or respiratory gases.  The limb allows water vapor to travel from
the exhalation flow passage through the material to ambient air along a water
vapor flow path.

35.    Flexicare is aware of the existence of the '366 patent and its
contents, at least in part through written communications notifying Flexicare of
its infringement of this patent sent on behalf of Fisher & Paykel Healthcare and
received by Flexicare on or about March 12, 2019.

36.    Upon information and belief, Flexicare has actively induced others
to infringe the '366 patent by marketing, offering for sale, and selling the above
breathing circuits, including the VentiMyst Breathing Circuits, knowing and
intending that such breathing circuits would be used by customers and end users
in a manner that infringes the '366 patent.  To that end, Flexicare provides
instructions and teachings to its customers and end users that such breathing
circuits be used to infringe the '366 patent.  These acts by Flexicare constitute
infringement of the '366 patent in violation of 35 U.S.C. § 271(b).

37.    Upon information and belief, the acts of Flexicare constitute
contributory infringement of the '366 patent in violation of 35 U.S.C. § 271(c).
Upon information and belief, Flexicare contributorily infringes because, among

other things, Flexicare offers to sell and/or sells within the United States, and/or imports into the United States, components of breaching circuits, including the VentiMyst Breathing Circuits, that constitute material parts of the invention of the asserted claims of the '366 patent, that are not staple articles or commodities of commerce suitable for substantial non-infringing use, and that are known by Flexicare to be especially made or especially adapted for use in an infringement of the '366 patent.

38.    Upon information and belief, the infringement of the '366 patent by Flexicare has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '366 patent and its infringement thereof, thus acting in reckless disregard of the patent rights of Fisher & Paykel Healthcare.

39.    As a consequence of the infringement of the '366 patent, Fisher & Paykel Healthcare has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

40.    Upon information and belief, unless enjoined, Flexicare and/or others acting on its behalf, will continue their infringing acts relating to the '366 patent, thereby causing additional irreparable injury to Fisher & Paykel Healthcare for which there is no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 10,252,017)

41.    Fisher & Paykel Healthcare repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 40.

42.    Upon information and belief, Flexicare products, including at least the VentiMyst Breathing Circuits, infringe at least Claim 1 of the '017 patent under at least 35 U.S.C. § 271(a), (b), and (c).

43.    Upon information and belief, Flexicare has directly infringed one or more claims of the '017 patent through the manufacture, use, offering for

sale, and/or selling within the United States, and/or importation into the United States, of breathing circuits, including the VentiMyst Breathing Circuits.

44.     For example, upon information and belief, Flexicare's VentiMyst Breathing Circuits include all of the limitations of Claim 1 of the '017 patent. The VentiMyst Breathing Circuits include a single expiratory tube that forms an expiratory limb for a breathing circuit.  The expiratory tube includes a patient-end connector at a first end of the tube, the patient-end connector being configured to connect to a Y-connector and receive a flow of respiratory gases expired by a patient from the Y-connector.  The expiratory tube further includes a ventilator-end connector at a second end of the tube, the ventilator-end connector being configured to connect to a breathing conduit connection port, and further being configured to deliver the expiratory gases flow to a ventilator. The VentiMyst Breathing Circuits further include an enclosing outer wall that forms a singular flexible gases conduit that defines a flow passageway between the patient-end connector and the ventilator-end connector.   When the VentiMyst Breathing Circuits are in use, the expiratory gases flow passes through the patient-end connector and into the singular flexible gases conduit, and thereafter through the ventilator-end connector.  The VentiMyst Breathing Circuits further include an elongate heater wire within the singular flexible gases conduit.  The enclosing outer wall of the VentiMyst Breathing Circuits includes a semipermeable material that allows water vapor to pass through the wall directly from the flow passageway to ambient, without allowing liquid water to pass through the wall.  In the VentiMyst Breathing Circuits, the semipermeable material runs a length of the enclosing outer wall between the patient-end connector and the ventilator-end connector.

45.     Upon information and belief, Flexicare has actively induced others to infringe the '017 patent by marketing, offering for sale, and selling the above breathing circuits, including the VentiMyst Breathing Circuits, knowing and

intending that such breathing circuits would be used by customers and end users in a manner that infringes the '017 patent. To that end, Flexicare provides instructions and teachings to its customers and end users that such breathing circuits be used to infringe the '017 patent. These acts by Flexicare constitute infringement of the '017 patent in violation of 35 U.S.C. § 271(b).

46. Upon information and belief, the acts of Flexicare constitute contributory infringement of the '017 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Flexicare contributorily infringes because, among other things, Flexicare offers to sell and/or sells within the United States, and/or imports into the United States, components of breathing circuits, including the VentiMyst Breathing Circuits, that constitute material parts of the invention of the asserted claims of the '017 patent, that are not staple articles or commodities of commerce suitable for substantial non-infringing use, and that are known by Flexicare to be especially made or especially adapted for use in an infringement of the '017 patent.

47. Upon information and belief, the infringement of the '017 patent by Flexicare has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '017 patent and its infringement thereof, thus acting in reckless disregard of the patent rights of Fisher & Paykel Healthcare.

48. As a consequence of the infringement of the '017 patent, Fisher & Paykel Healthcare has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

49. Upon information and belief, unless enjoined, Flexicare and/or others acting on its behalf, will continue their infringing acts relating to the '017 patent, thereby causing additional irreparable injury to Fisher & Paykel Healthcare for which there is no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

## (Infringement of U.S. Patent No. 7,958,891)

50.     Fisher & Paykel Healthcare repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 49.

51.     Upon information and belief, Flexicare products, including at least the VentiMyst Breathing Circuits, infringe at least Claim 1 of the '891 patent under at least 35 U.S.C. § 271(a), (b), and (c).

52.     Upon information and belief, Flexicare has directly infringed one or more claims of the '891 patent by performing in the United States each and every step of one or more of the methods recited in the patent claims in connection with using breathing circuits, including in connection with the VentiMyst Breathing Circuits.

53.     For example, upon information and belief, Flexicare has performed all of the steps recited in Claim 1 of the '891 patent using the VentiMyst Breathing Circuits.  Flexicare specifically designed the VentiMyst Breathing Circuits to perform a method of conveying humid breathing gases from a patient.  More specifically, Flexicare has performed a method using the VentiMyst Breathing Circuits that includes providing a flexible breathing tube that has a first end and a second end, with the first end being connected to a patient interface.  The flexible breathing tube of the VentiMyst Breathing Circuits includes an enclosing outer wall that defines a flexible gases passageway between the first end of the tube and the second end of the tube.  A region of the enclosing outer wall of the flexible breathing tube is formed of a material that allows for the transmission of water vapor without allowing for the transmission of liquid water or respiratory gases through the enclosing outer wall.  In the VentiMyst Breathing Circuits, the region of the flexible breathing tube that allows for the transmission of water vapor is separate from the second end of the tube.  Flexicare has further used the VentiMyst Breathing Circuits to

- 11 -

perform the step of conveying the breathing gases from a patient through the flexible breathing tube.  Flexicare has further used the VentiMyst Breathing Circuits to perform the steps of heating the humid breathing gases in the flexible breathing tube, and transmitting at least some water vapor from the breathing gases through the enclosing outer wall of the tube.

54.    Flexicare is aware of the existence of the '891 patent and its contents, at least in part through written communications notifying Flexicare of its infringement of this patent sent on behalf of Fisher & Paykel Healthcare and received by Flexicare on or about March 12, 2019.

55.    Upon information and belief, Flexicare has actively induced others to infringe the '891 patent by marketing, offering for sale, and selling the above breathing circuits, including the VentiMyst Breathing Circuits, knowing and intending that such breathing circuits would be used by customers and end users in a manner that infringes the '891 patent.  To that end, Flexicare provides instructions and teachings to its customers and end users that such breathing circuits be used to infringe the '891 patent.  These acts by Flexicare constitute infringement of the '891 patent in violation of 35 U.S.C. § 271(b).

56.    Upon information and belief, the acts of Flexicare constitute contributory infringement of the '891 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Flexicare contributorily infringes because, among other things, Flexicare offers to sell and/or sells within the United States, and/or imports into the United States, components of breathing circuits, including the VentiMyst Breathing Circuits, that constitute material parts of the invention of the asserted claims of the '891 patent, that are not staple articles or commodities of commerce suitable for substantial non-infringing use, and that are known by Flexicare to be especially made or especially adapted for use in an infringement of the '891 patent.

/ / /

57.    Upon information and belief, the infringement of the '891 patent by Flexicare has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '891 patent and its infringement thereof, thus acting in reckless disregard of the patent rights of Fisher & Paykel Healthcare.

58.    As a consequence of the infringement of the '891 patent, Fisher & Paykel Healthcare has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

59.    Upon information and belief, unless enjoined, Flexicare and/or others acting on its behalf, will continue their infringing acts relating to the '891 patent, thereby causing additional irreparable injury to Fisher & Paykel Healthcare for which there is no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,559,324)

60.    Fisher & Paykel Healthcare repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 59.

61.    Upon information and belief, Flexicare products, including at least the VentiMyst Breathing Circuits, infringe at least Claim 1 of the '324 patent under at least 35 U.S.C. § 271(a), (b), and (c).

62.    Upon information and belief, Flexicare has directly infringed one or more claims of the '324 patent through the manufacture, use, offering for sale, and/or selling within the United States, and/or importation into the United States, of breathing circuits, including the VentiMyst Breathing Circuits.

63.    For example, upon information and belief, Flexicare's VentiMyst Breathing Circuits include all of the limitations of Claim 1 of the '324 patent. The VentiMyst Breathing Circuits include a flexible conduit for a breathing circuit that includes an inlet, an outlet, and an enclosing outer wall that defines a flexible gases passageway between the inlet and outlet.    In the VentiMyst

Breathing Circuits, respiratory gases flow through the inlet into the flexible gases passageway and through the outlet.  At least a region of the enclosing outer wall is formed from a material that allows water vapor to pass through the material without allowing the passage of liquid water or respiratory gases through the enclosing outer wall.  In the VentiMyst Breathing Circuits, the region that allows for the passage of water vapor is separate from the outlet of the flexible conduit.  The VentiMyst Breathing Circuits further include a heater wire associated with the flexible gases passageway, and the flexible conduit is of a type suitable for conveying respiratory gases to or from a patient.

64.   Flexicare is aware of the existence of the '324 patent and its contents, at least in part through written communications notifying Flexicare of its infringement of this patent sent on behalf of Fisher & Paykel Healthcare and received by Flexicare on or about March 12, 2019.

65.   Upon information and belief, Flexicare has actively induced others to infringe the '324 patent by marketing, offering for sale, and selling the above breathing circuits, including the VentiMyst Breathing Circuits, knowing and intending that such breathing circuits would be used by customers and end users in a manner that infringes the '324 patent.  To that end, Flexicare provides instructions and teachings to its customers and end users that such breathing circuits be used to infringe the '324 patent.  These acts by Flexicare constitute infringement of the '324 patent in violation of 35 U.S.C. § 271(b).

66.   Upon information and belief, the acts of Flexicare constitute contributory infringement of the '324 patent in violation of 35 U.S.C. § 271(c).  Upon information and belief, Flexicare contributorily infringes because, among other things, Flexicare offers to sell and/or sells within the United States, and/or imports into the United States, components of breathing circuits, including the VentiMyst Breathing Circuits, that constitute material parts of the invention of the asserted claims of the '324 patent, that are not staple articles or commodities

of commerce suitable for substantial non-infringing use, and that are known by Flexicare to be especially made or especially adapted for use in an infringement of the '324 patent.

67.     Upon information and belief, the infringement of the '324 patent by Flexicare has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '324 patent and its infringement thereof, thus acting in reckless disregard of the patent rights of Fisher & Paykel Healthcare.

68.     As a consequence of the infringement of the '324 patent, Fisher & Paykel Healthcare has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

69.     Upon information and belief, unless enjoined, Flexicare and/or others acting on its behalf, will continue their infringing acts relating to the '324 patent, thereby causing additional irreparable injury to Fisher & Paykel Healthcare for which there is no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## (Infringement of U.S. Patent No. 7,043,979)

70.     Fisher & Paykel Healthcare repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 69.

71.     Upon information and belief, Flexicare products, including at least the VentiMyst Breathing Circuits and Heated Breathing Circuits, infringe at least Claim 1 of the '979 patent under at least 35 U.S.C. § 271(a), (b), and (c).

72.     Upon information and belief, Flexicare has directly infringed one or more claims of the '979 patent through the manufacture, use, offering for sale, and/or selling within the United States, and/or importation into the United States, of breathing circuits, including the VentiMyst Breathing Circuits and Heated Breathing Circuits.

/ / /

73.     For example, upon information and belief, Flexicare's VentiMyst Breathing Circuits include all of the limitations of Claim 1 of the '979 patent. The VentiMyst Breathing Circuits include a breathing circuit apparatus for housing a sensor, such as a sensor for providing an output signal indicative of a parameter of a flow of gases through the apparatus.  The VentiMyst Breathing Circuits include a housing and an internal cavity within the housing.   The housing includes a first aperture that is in fluid communication with the internal cavity, and that in use accepts the flow of gases flowing into the internal cavity. The housing further includes a second aperture that is in fluid communication with the internal cavity, and that in use allows for the flow of gases from the internal cavity through the second aperture, wherein the second aperture is at least partially higher than the first aperture.  The VentiMyst Breathing Circuits further include a sensor mounting that is disposed within the housing between the first and second apertures, the sensor mounting adapted so that in use a sensor located in the sensor mounting is at least partially within the path of the flow of gases.  The VentiMyst Breathing Circuits further includes at least one condensation deflector within the internal cavity that is adjacent to the sensor mounting, and that is adapted in use to direct any condensation that forms within the internal cavity at least partially away from a sensor located in the sensor mounting.

74.     As another example, upon information and belief, Flexicare's Heated Breathing Circuits include all of the limitations of Claim 1 of the '979 patent.  The Heated Breathing Circuits include a breathing circuit apparatus for housing a sensor, such as a sensor for providing an output signal indicative of a parameter of a flow of gases through the apparatus.  The Heated Breathing Circuits include a housing and an internal cavity within the housing.   The housing includes a first aperture that is in fluid communication with the internal cavity, and that in use accepts the flow of gases flowing into the internal cavity.

The housing further includes a second aperture that is in fluid communication with the internal cavity, and that in use allows for the flow of gases from the internal cavity through the second aperture, wherein the second aperture is at least partially higher than the first aperture. The Heated Breathing Circuits further include a sensor mounting that is disposed within the housing between the first and second apertures, the sensor mounting adapted so that in use a sensor located in the sensor mounting is at least partially within the path of the flow of gases. The Heated Breathing Circuits further includes at least one condensation deflector within the internal cavity that is adjacent to the sensor mounting, and that is adapted in use to direct any condensation that forms within the internal cavity at least partially away from a sensor located in the sensor mounting.

75.    Flexicare is aware of the existence of the '979 patent and its contents, at least in part through written communications notifying Flexicare of its infringement of this patent sent on behalf of Fisher & Paykel Healthcare and received by Flexicare on or about March 12, 2019.

76.    Upon information and belief, Flexicare has actively induced others to infringe the '979 patent by marketing, offering for sale, and selling the above breathing circuits, including the VentiMyst Breathing Circuits and Heated Breathing Circuits, knowing and intending that such breathing circuits would be used by customers and end users in a manner that infringes the '979 patent. To that end, Flexicare provides instructions and teachings to its customers and end users that such breathing circuits be used to infringe the '979 patent. These acts by Flexicare constitute infringement of the '979 patent in violation of 35 U.S.C. § 271(b).

77.    Upon information and belief, the acts of Flexicare constitute contributory infringement of the '979 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Flexicare contributorily infringes because, among

other things, Flexicare offers to sell and/or sells within the United States, and/or imports into the United States, components of breathing circuits, including the VentiMyst Breathing Circuits and Heated Breathing Circuits, that constitute material parts of the invention of the asserted claims of the '979 patent, that are not staple articles or commodities of commerce suitable for substantial non-infringing use, and that are known by Flexicare to be especially made or especially adapted for use in an infringement of the '979 patent.

78.    Upon information and belief, the infringement of the '979 patent by Flexicare has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '979 patent and its infringement thereof, thus acting in reckless disregard of the patent rights of Fisher & Paykel Healthcare.

79.    As a consequence of the infringement of the '979 patent, Fisher & Paykel Healthcare has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

80.    Upon information and belief, unless enjoined, Flexicare and/or others acting on its behalf, will continue their infringing acts relating to the '979 patent, thereby causing additional irreparable injury to Fisher & Paykel Healthcare for which there is no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 8,267,092)

81.    Fisher & Paykel Healthcare repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 80.

82.    Upon information and belief, Flexicare products, including at least the Veoflo Products, infringe at least Claim 1 of the '092 patent under at least 35 U.S.C. § 271(a), (b), and (c).

83.    Upon information and belief, Flexicare has directly infringed one or more claims of the '092 patent through the manufacture, use, offering for

sale, and/or selling within the United States, and/or importation into the United States, of nasal cannula products, including the Veoflo Products.

84. For example, upon information and belief, Flexicare's Veoflo Products include all of the limitations of Claim 1 of the '092 patent. The Veoflo Products are single flow entry nasal cannula assemblies that are adapted for an intake of air flow from either a patient's left side or right side, such that the assemblies can be configured for a left-hand or right-hand orientation. The Veoflo Products include a face mount portion and a gases flow manifold. The face mount portion includes a generally tubular-shaped member that defines an open tubular recess, with two nasal prongs that extend away from the generally tubular-shaped member. The nasal prongs of the Veoflo Products include passages that open into the open tubular recess defined by the generally tubular-shaped member. In the Veoflo Products, the manifold is insertable into the open tubular recess defined by the generally tubular shaped member. The manifold includes a first end that closes at least one end of the open tubular recess when the manifold is inserted into the open tubular recess. The manifold further includes a second end that is connectable to tubing. In the Veoflo Products, the manifold further includes a wall that connects the first end of manifold to the second end of the manifold. The manifold further includes an opening defined between the first and second ends, such that air flow from the second end of the manifold can pass into the passage of the nasal prongs through the opening of the manifold.

85. Flexicare is aware of the existence of the '092 patent and its contents, at least in part through written communications notifying Flexicare of its infringement of this patent sent on behalf of Fisher & Paykel Healthcare and received by Flexicare on or about March 12, 2019.

86. Upon information and belief, Flexicare has actively induced others to infringe the '092 patent by marketing, offering for sale, and selling the above

nasal cannula products, including the Veoflo Products, knowing and intending that such nasal cannula products would be used by customers and end users in a manner that infringes the '092 patent. To that end, Flexicare provides instructions and teachings to its customers and end users that such nasal cannula products be used to infringe the '092 patent. These acts by Flexicare constitute infringement of the '092 patent in violation of 35 U.S.C. § 271(b).

87. Upon information and belief, the acts of Flexicare constitute contributory infringement of the '092 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Flexicare contributorily infringes because, among other things, Flexicare offers to sell and/or sells within the United States, and/or imports into the United States, components of nasal cannula products, including the Veoflo Products, that constitute material parts of the invention of the asserted claims of the '092 patent, that are not staple articles or commodities of commerce suitable for substantial non-infringing use, and that are known by Flexicare to be especially made or especially adapted for use in an infringement of the '092 patent.

88. Upon information and belief, the infringement of the '092 patent by Flexicare has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '092 patent and its infringement thereof, thus acting in reckless disregard of the patent rights of Fisher & Paykel Healthcare.

89. As a consequence of the infringement of the '092 patent, Fisher & Paykel Healthcare has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

90. Upon information and belief, unless enjoined, Flexicare and/or others acting on its behalf, will continue their infringing acts relating to the '092 patent, thereby causing additional irreparable injury to Fisher & Paykel Healthcare for which there is no adequate remedy at law.

# EIGHTH CLAIM FOR RELIEF

## (Infringement of U.S. Patent No. 7,493,902)

91.     Fisher & Paykel Healthcare repeats, realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 90.

92.     Upon information and belief, Flexicare products, including at least the Veoflo Products, infringe at least Claim 1 of the '902 patent under at least 35 U.S.C. § 271(a), (b), and (c).

93.     Upon information and belief, Flexicare has directly infringed one or more claims of the '902 patent through the manufacture, use, offering for sale, and/or selling within the United States, and/or importation into the United States, of nasal cannula products, including the Veoflo Products.

94.     For example, upon information and belief, Flexicare's Veoflo Products include all of the limitations of Claim 1 of the '902 patent.  The Veoflo Products are nasal cannula assemblies that are adapted to deliver gases to a patient.  The Veoflo Products include a face mount part that includes two nasal prongs that are capable of being fitted into a patient's nares.  The Veoflo Products further include a removable gases flow manifold part that, in use, is connected to and in fluid communication with the face mount part.   The manifold part has a single horizontal side gases entry, and the manifold part is adapted for fluid communication with a gases transportation pathway when in use.  The manifold part of the Veoflo Products is capable of being connected to the face mount part in two configurations: (1) a first configuration where the gases transportation pathway extends to the left of the cannula assembly when the manifold part is connected to the face mount part; and (2) a second configuration where the gases transportation pathway extends to the right of the cannula assembly when the manifold part is connected to the face mount part. In the Veoflo Products, the manifold part terminates at an open recess, and the face mounted part includes a complementary recess.  When in use, the open

recess in the manifold part of the Veoflo Products is aligned with the complementary recess in the face mount part, thereby allowing gases to flow to the nasal prongs and to the patient's nares.

95.    Flexicare is aware of the existence of the '902 patent and its contents, at least in part through written communications notifying Flexicare of its infringement of this patent sent on behalf of Fisher & Paykel Healthcare and received by Flexicare on or about March 12, 2019.

96.    Upon information and belief, Flexicare has actively induced others to infringe the '902 patent by marketing, offering for sale, and selling the above nasal cannula products, including the Veoflo Products, knowing and intending that such nasal cannula products would be used by customers and end users in a manner that infringes the '902 patent.  To that end, Flexicare provides instructions and teachings to its customers and end users that such nasal cannula products be used to infringe the '902 patent.  These acts by Flexicare constitute infringement of the '902 patent in violation of 35 U.S.C. § 271(b).

97.    Upon information and belief, the acts of Flexicare constitute contributory infringement of the '902 patent in violation of 35 U.S.C. § 271(c). Upon information and belief, Flexicare contributorily infringes because, among other things, Flexicare offers to sell and/or sells within the United States, and/or imports into the United States, components of nasal cannula products, including the Veoflo Products, that constitute material parts of the invention of the asserted claims of the '902 patent, that are not staple articles or commodities of commerce suitable for substantial non-infringing use, and that are known by Flexicare to be especially made or especially adapted for use in an infringement of the '902 patent.

98.    Upon information and belief, the infringement of the '902 patent by Flexicare has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '902 patent and

its infringement thereof, thus acting in reckless disregard of the patent rights of Fisher & Paykel Healthcare.

99.    As a consequence of the infringement of the '902 patent, Fisher & Paykel Healthcare has suffered and will continue to suffer irreparable harm and injury, including monetary damages in an amount to be determined at trial.

100.    Upon information and belief, unless enjoined, Flexicare and/or others acting on its behalf, will continue their infringing acts relating to the '902 patent, thereby causing additional irreparable injury to Fisher & Paykel Healthcare for which there is no adequate remedy at law.

## VI.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Fisher & Paykel Healthcare prays for judgment and seeks relief as follows:

(1)    Pursuant to 35 U.S.C. § 271, a determination that Flexicare and its officers, agents, servants, employees, attorneys and all others in active concert and/or participation with Flexicare have infringed each of the '814, '366, '017, '891, '324, '979, '092, and '902 patents through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271;

(2)    Pursuant to 35 U.S.C. § 283, an injunction enjoining Flexicare and its officers, agents, servants, employees, attorneys, and all others in active concert and/or participation with Flexicare, from infringing any and all of the '814, '366, '017, '891, '324, '979, '092, and '902 patents through the manufacture, use, importation, offer for sale, and/or sale of infringing products, and/or any of the other acts prohibited by 35 U.S.C. § 271, including preliminary and permanent injunctive relief;

(3)    Pursuant to 35 U.S.C. § 284, an award of monetary damages compensating Fisher & Paykel Healthcare for the infringement of the '814, '366, '017, '891, '324, '979, '092, and '902 patents by Flexicare through

payment of not less than a reasonable royalty on sales of infringing products by Flexicare;

(4)     Pursuant to 35 U.S.C. § 284, an award increasing monetary damages up to three times the amount found or assessed by the jury for infringement of the '814, '366, '017, '891, '324, '979, '092, and '902 patents by Flexicare in view of the willful and deliberate nature of the infringement;

(5)     Pursuant to 35 U.S.C. § 285, a finding that this is an exceptional case, and an award of reasonable attorney's fees and non-taxable costs;

(6)     An assessment of prejudgment and post-judgment interest and costs against Flexicare, together with an award of such interest and costs, pursuant to 35 U.S.C. § 284;

(7)     An award of taxable costs; and

(8)     That Fisher & Paykel Healthcare be granted such other and further relief as the Court deems equitable and just in the circumstances.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  May 3, 2019            By: /s/ *Benjamin J. Everton*
                                   Stephen C. Jensen
                                   David G. Jankowski
                                   Benjamin J. Everton

                                   Attorneys for Plaintiff
                                   FISHER & PAYKEL HEALTHCARE LIMITED

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Fisher & Paykel Healthcare Limited demands a trial by jury of all issues raised by the pleadings which are triable by jury.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  May 3, 2019         By:  /s/ *Benjamin J. Everton*
                                  Stephen C. Jensen
                                  David G. Jankowski
                                  Benjamin J. Everton

                                Attorneys for Plaintiff
                                FISHER & PAYKEL HEALTHCARE LIMITED

30311118_1

- 25 -