Stephen C. Jensen (SBN 149,894)
steve.jensen@knobbe.com
Sheila N. Swaroop (SBN 203,476)
sheila.swaroop@knobbe.com
David G. Jankowski (SBN 205,634)
david.jankowski@knobbe.com
Marko R. Zoretic (SBN 233,952)
marko.zoretic@knobbe.com
Benjamin J. Everton (SBN 259,214)
ben.everton@knobbe.com
Douglas B. Wentzel (SBN 313,452)
douglas.wentzel@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404/Facsimile: (949) 760-9502

Attorneys for Plaintiff
**FISHER & PAYKEL HEALTHCARE LIMITED**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FISHER & PAYKEL HEALTHCARE LIMITED, a New Zealand corporation,<br><br>Plaintiff,<br><br>v.<br><br>FLEXICARE INCORPORATED, a California corporation,<br><br>Defendant. | Case No. 8:19-CV-00835-JVS-DFM<br><br>**FISHER & PAYKEL HEALTHCARE LIMITED'S REPLY TO FLEXICARE INCORPORATED'S COUNTERCLAIM IN RESPONSE TO SECOND AMENDED COMPLAINT**<br><br>Hon. James V. Selna |
| FLEXICARE INCORPORATED, a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>FISHER & PAYKEL HEALTHCARE LIMITED, a New Zealand corporation,<br><br>Counterdefendant. | |

138. Plaintiff and Counterdefendant Fisher & Paykel Healthcare Limited ("Plaintiff" or "Fisher & Paykel Healthcare") hereby responds to the Counterclaim (Dkt. No. 62) (hereinafter referred to as "the Counterclaim") of Defendant and Counterclaimant Flexicare Incorporated ("Defendant" or "Flexicare") in response to Fisher & Paykel Healthcare's Second Amended Complaint. The numbered paragraphs of this response correspond to the numbered paragraphs of Flexicare's Counterclaim:

## THE PARTIES

139. Fisher & Paykel Healthcare admits the allegations contained in Paragraph 139 of the Counterclaim.

140. Fisher & Paykel Healthcare admits the allegations contained in Paragraph 140 of the Counterclaim.

## JURISDICTION AND VENUE

141. Fisher & Paykel Healthcare admits that Flexicare's counterclaim purports to assert a claim under 28 U.S.C. §1331, 1338(a), 2201, and 2202. Fisher & Paykel Healthcare denies any and all remaining allegations in Paragraph 141 of the Counterclaim.

142. Fisher & Paykel Healthcare does not contest personal jurisdiction for the sole purpose of Flexicare's counterclaim. Fisher & Paykel Healthcare denies any and all remaining allegations in Paragraph 142 of the Counterclaim.

143. Fisher & Paykel Healthcare does not contest venue for the sole purpose of Flexicare's counterclaim. Fisher & Paykel Healthcare denies any and all remaining allegations in Paragraph 143 of the Counterclaim.

## NATURE OF THE ACTION

144. Fisher & Paykel Healthcare admits that it has asserted a claim against Flexicare for infringement of one or more claims of the '979 Patent and as such there is an actual, continuing, and justiciable controversy concerning Flexicare's infringement of this patent. Fisher & Paykel denies any and all

remaining allegations in Paragraph 144 of the Counterclaim.

## FIRST COUNTERCLAIM FOR RELIEF
### (Declaratory Judgment of Unenforceability)

145. Fisher & Paykel Healthcare incorporates its responses to Paragraphs 139 to 144 of the Counterclaim as if fully set forth herein.

146. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 146 of the Counterclaim.

147. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 147 of the Counterclaim.

148. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 148 of the Counterclaim.

149. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 149 of the Counterclaim.

150. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 150 of the Counterclaim.

151. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 151 of the Counterclaim.

152. Fisher & Paykel Healthcare admits the allegations contained in Paragraph 152 of the Counterclaim.

153. Fisher & Paykel Healthcare admits the allegations contained in Paragraph 153 of the Counterclaim.

154. Fisher & Paykel Healthcare admits the allegations contained in Paragraph 154 of the Counterclaim.

155. Fisher & Paykel Healthcare admits that the fourth paragraph of the 2002 Declaration states "I acknowledge the duty to disclose information which is material to patentability as defined in Title 37, Code of Federal Regulations, §1.56." Fisher & Paykel Healthcare denies any and all remaining allegations

1 | contained in Paragraph 155 of the Counterclaim.

2 |     156.  Fisher & Paykel Healthcare admits that an Information Disclosure Statement submitted personally by Mr. Leonard does not appear in the prosecution history of the '979 Patent, but denies any assertion that no Information Disclosure Statement was ever submitted.  Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 156 of the Counterclaim.

    157.  Fisher & Paykel Healthcare admits the allegations contained in Paragraph 157 of the Counterclaim.

    158.  Fisher & Paykel Healthcare admits that the EP '623 patent publication identifies a publication date of December 23, 1998.  The remainder of Paragraph 158 seeks a legal conclusion that requires no response, and on that basis Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 158 of the Counterclaim.

    159.  Fisher & Paykel Healthcare admits that Mr. Leonard is listed as a named inventor on the EP '623 publication.  Fisher & Paykel Healthcare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the Counterclaim and on that basis denies the allegations.

    160.  Fisher & Paykel Healthcare admits that an annotated copy of U.S. Patent No. 6,349,722 is attached to the Counterclaim as Exhibit 4.  Fisher & Paykel Healthcare denies any and all remaining allegations in Paragraph 160 of the Counterclaim.

    161.  Fisher & Paykel Healthcare admits the allegations contained in Paragraph 161 of the Counterclaim.

    162.  Fisher & Paykel Healthcare admits that the '722 patent lists a filing date of June 16, 1998.  The remainder of Paragraph 162 seeks a legal conclusion that requires no response, and on that basis Fisher & Paykel Healthcare denies

any and all remaining allegations contained in Paragraph 162 of the Counterclaim.

163. Fisher & Paykel Healthcare admits that Mr. Leonard is listed as a named inventor on the '722 patent. Fisher & Paykel Healthcare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of the Counterclaim and on that basis denies the allegations.

164. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 164 of the Counterclaim.

165. Fisher & Paykel Healthcare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of the Counterclaim and on that basis denies the allegations.

166. Fisher & Paykel Healthcare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Counterclaim and on that basis denies the allegations.

167. Fisher & Paykel Healthcare admits that Mr. Blackstone was one of the individuals with a power of attorney to represent Fisher & Paykel Healthcare in the prosecution of the '979 and '722 patents. Fisher & Paykel Healthcare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 167 of the Counterclaim and on that basis denies the allegations.

168. Fisher & Paykel Healthcare admits the allegations contained in Paragraph 168 of the Counterclaim.

169. Fisher & Paykel Healthcare admits that Mr. Blackstone was subject to the rules of practice of the Patent Office, including 37 C.F.R. §1.56. Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 169 of the Counterclaim.

170. Fisher & Paykel Healthcare lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the Counterclaim and on that basis denies the allegations.

171. Fisher & Paykel Healthcare admits that Ms. Palomar was one of the individuals with a power of attorney to represent Fisher & Paykel Healthcare in the prosecution of the '979 and '722 patents. Fisher & Paykel Healthcare lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 171 of the Counterclaim and on that basis denies the allegations.

172. Fisher & Paykel Healthcare admits the allegations contained in Paragraph 172 of the Counterclaim.

173. Fisher & Paykel Healthcare admits that Ms. Palomar was subject to the rules of practice of the Patent Office, including 37 C.F.R. §1.56. Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 173 of the Counterclaim.

174. Fisher & Paykel Healthcare admits an Information Disclosure Statement was submitted to the USPTO on or about April 16, 2002, disclosing U.S. Patent No. 5,558,084. FPHFLX0000070. Fisher & Paykel Healthcare admits that no other Information Disclosure Statement submitted by Mr. Blackstone and Ms. Palomar appears in the prosecution history of the '979 Patent. Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 174 of the Counterclaim.

175. Fisher & Paykel Healthcare admits that the EP '623 patent publication is not identified as a reference that was cited by the Applicant during the examination of the '979 Patent. Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 175 of the Counterclaim.

176. Fisher & Paykel Healthcare admits that the '722 patent is not identified as a reference that was cited by the Applicant during the examination of the '979 Patent. Fisher & Paykel Healthcare denies any and all remaining

allegations contained in Paragraph 176 of the Counterclaim.

177. Fisher & Paykel Healthcare admits that Examiner Corey D. Mack was one of the individuals involved in examination of the '979 Patent. Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 177 of the Counterclaim.

178. Fisher & Paykel Healthcare admits that a non-final office action dated May 18, 2005 was issued by the Examiner and that it included a rejection under Section 103(a) of application claims 1-7 and 19 based on the combination of Suzuki and Koch. Fisher & Paykel Healthcare denies any and all allegations contained in Paragraph 178 of the Counterclaim.

179. Fisher & Paykel Healthcare admits that in the office action dated May 18, 2005, the Examiner rejected claims 1-7 and 19 over Suzuki in view of Koch, as is discussed in the office action at FPHFLX0000062-63. Fisher & Paykel Healthcare admits that the office action includes language stating that "Suzuki does not disclose a condensation deflector on or adjacent the sensor housing." Fisher & Paykel Healthcare admits that the office action includes language stating that "Koch discloses a respiratory humidifier comprising a condensation deflector 13 within the internal cavity on or adjacent to sensor 12 so as to direct any condensation 15 that forms within the internal cavity 1 at least partially away from the sensor (column 4, lines 23-30)," and "[t]herefore, at the time the invention was made, it would have been obvious to one of ordinary skill in the art to include in Suzuki a condensation deflector in order to direct any condensation that forms within the internal cavity at least partially away from the sensor." Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 179 of the Counterclaim.

180. Fisher & Paykel Healthcare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 of the Counterclaim and on that basis denies the allegations.

181. Fisher & Paykel Healthcare admits that an office action response signed by Mr. Blackstone was filed with the USPTO on or about November 10, 2005. Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 181 of the Counterclaim.

182. Fisher & Paykel Healthcare admits that the November 10, 2005 office action response includes language stating that "Suzuki does not disclose or suggest having the temperature sensors located in a housing" and that "Suzuki does not disclose or suggest having the second aperture at least partially higher than the first aperture, and is not clearly and unambiguously supported by Figure 4." Fisher & Paykel Healthcare admits that the November 10, 2005 office action response includes language stating that "a person skilled in the art would not utilize the baffle plate as disclosed in Koch with the system as disclosed in Suzuki as it is clearly stated in Suzuki at page 3, lines 10-14 that the breathing circuit is capable of supplying the necessary humidity of gas to a patient whilst preventing condensation build-up within the patient circuit," that "as condensation is not expected to build-up in the breathing circuit as disclosed in Suzuki, there would be no requirement for a person skilled in the art to insert the baffle plate as disclosed in Koch into the circuit as disclosed in Suzuki," and that "Applicant submits that claim 1 is allowable over Suzuki in view of Koch. Reconsideration and allowance of claim 1 is requested." Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 182 of the Counterclaim.

183. Fisher & Paykel Healthcare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 of the Counterclaim and on that basis denies the allegations.

184. Fisher & Paykel Healthcare admits that the prosecution history of the '979 Patent indicates that on January 8, 2006, Examiner Mack considered the April 16, 2002 Information Disclosure Statement. Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 184 of the

1  Counterclaim.

2  185. Fisher & Paykel Healthcare admits the allegations contained in
3  Paragraph 185 of the Counterclaim.

4  186. Fisher & Paykel Healthcare admits that the Applicant for the '979
5  Patent submitted an office action response on November 10, 2005 and the
6  Examiner issued a Notice of Allowability on February 2, 2006. Fisher & Paykel
7  Healthcare denies any and all remaining allegations contained in Paragraph 186
8  of the Counterclaim.

9  187. Fisher & Paykel Healthcare denies the allegations contained in
10 Paragraph 187 of the Counterclaim.

11 188. Fisher & Paykel Healthcare denies the allegations contained in
12 Paragraph 188 of the Counterclaim.

13 189. Fisher & Paykel Healthcare admits that the November 10, 2005
14 office action response includes language stating that "Suzuki does not disclose or
15 suggest having the temperature sensors located in a housing." Fisher & Paykel
16 Healthcare admits that EP '623 patent publication includes language stating a
17 "sensor housing means adapted for positioning in said gases flow" and "one
18 sensor housing means 32 is provided as a temperature sensing means." Fisher &
19 Paykel Healthcare denies any and all remaining allegations contained in
20 Paragraph 189 of the Counterclaim, some of which seek a legal conclusion to
21 which no response is required.

22 190. Fisher & Paykel Healthcare admits that the November 10, 2005
23 office action response includes language stating that "Suzuki does not disclose or
24 suggest having the second aperture at least partially higher than the first aperture,
25 and is not clearly and unambiguously supported by Figure 4." Fisher & Paykel
26 Healthcare admits that EP '623 patent publication includes language stating that
27 "Figure 5 is a schematic diagram of a respiratory humidification system
28 incorporating the flow probe of Figure 1." Fisher & Paykel Healthcare denies

any and all remaining allegations contained in Paragraph 190 of the Counterclaim, some of which seek a legal conclusion to which no response is required.

191. Fisher & Paykel Healthcare admits that the November 10, 2005 office action response includes language stating that "a person skilled in the art would not utilize the baffle plate as disclosed in Koch with the system as disclosed in Suzuki as it is clearly stated in Suzuki at page 3, lines 10-14 that the breathing circuit is capable of supplying the necessary humidity of gas to a patient whilst preventing condensation build-up within the patient circuit." Fisher & Paykel Healthcare admits that EP '623 patent publication includes language stating that "[a]s the exposed surfaces of flow probe 19 will generally be at a lower temperature than the humidified gases flow passing over it, condensation is likely to occur on its surfaces." Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 191 of the Counterclaim, some of which seek a legal conclusion to which no response is required.

192. Fisher & Paykel Healthcare admits that the November 10, 2005 office action response includes language stating that "as condensation is not expected to build-up in the breathing circuit as disclosed in Suzuki, there would be no requirement for a person skilled in the art to insert the baffle plate as disclosed in Koch into the circuit as disclosed in Suzuki." Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 192 of the Counterclaim, some of which seek a legal conclusion to which no response is required.

193. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 193 of the Counterclaim.

194. Fisher & Paykel Healthcare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 of the Counterclaim and on that basis denies the allegations.

195. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 195 of the Counterclaim.

196. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 196 of the Counterclaim, some of which seek a legal conclusion to which no response is required.

197. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 197 of the Counterclaim.

198. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 198 of the Counterclaim, which seek a legal conclusion to which no response is required.

199. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 199 of the Counterclaim, which seek a legal conclusion to which no response is required.

200. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 200 of the Counterclaim, some of which seek a legal conclusion to which no response is required.

201. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 201 of the Counterclaim, which seek a legal conclusion to which no response is required.

202. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 202 of the Counterclaim, which seek a legal conclusion to which no response is required.

203. Fisher & Paykel Healthcare admits that claim 1 of the '979 Patent includes language reciting a "breathing circuit apparatus for housing for a sensor, for example a sensor for providing an output signal indicative of at least one parameter of a flow of gases through said apparatus, comprising….." Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 203 of the Counterclaim, which seek only legal conclusions to which

no response is required.

204. Fisher & Paykel Healthcare admits that claim 1 of the '979 Patent includes language reciting a "housing." Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 204 of the Counterclaim, which seek only legal conclusions to which no response is required.

205. Fisher & Paykel Healthcare admits that claim 1 of the '979 Patent includes language reciting an "internal cavity within said housing." Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 205 of the Counterclaim, which seek only legal conclusions to which no response is required.

206. Fisher & Paykel Healthcare admits that claim 1 of the '979 Patent includes language reciting a "first aperture in said housing in fluid communication with said internal cavity, in use accepting said flow of gases, then flowing into said internal cavity." Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 206 of the Counterclaim, which seek only legal conclusions to which no response is required.

207. Fisher & Paykel Healthcare admits that claim 1 of the '979 Patent includes language reciting a "second aperture in said housing in fluid communication with said internal cavity, in use said flow of gases flowing from said internal cavity through said second aperture and said second aperture being at least partially higher than said first aperture." Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 207 of the Counterclaim, which seek only legal conclusions to which no response is required.

208. Fisher & Paykel Healthcare admits that claim 1 of the '979 Patent includes language reciting a "sensor mounting disposed within said housing between said first aperture and said second aperture, adapted such that in use a sensor located in said sensor mounting being at least partially within the path of

said flow of gases." Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 208 of the Counterclaim, which seek only legal conclusions to which no response is required.

209. Fisher & Paykel Healthcare admits that claim 1 of the '979 Patent includes language reciting "at least one condensation deflector within said internal cavity adjacent to said sensor mounting, said at least one condensation deflector adapted to in use direct any condensation that forms within said internal cavity at least partially away from a sensor which is located in said sensor mounting." Fisher & Paykel Healthcare denies any and all remaining allegations contained in Paragraph 209 of the Counterclaim, which seek only legal conclusions to which no response is required.

210. Fisher & Paykel Healthcare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210 of the Counterclaim and on that basis denies the allegations.

211. Fisher & Paykel Healthcare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 of the Counterclaim and on that basis denies the allegations.

212. Fisher & Paykel Healthcare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212 of the Counterclaim and on that basis denies the allegations.

213. Fisher & Paykel Healthcare admits the allegations contained in Paragraph 213 of the Counterclaim.

214. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 214 of the Counterclaim.

215. Fisher & Paykel Healthcare admits the allegations contained in Paragraph 215 of the Counterclaim.

216. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 216 of the Counterclaim.

217. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 217 of the Counterclaim.

218. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 218 of the Counterclaim.

219. Fisher & Paykel Healthcare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219 of the Counterclaim and on that basis denies the allegations.

220. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 220 of the Counterclaim.

221. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 221 of the Counterclaim, some of which seek a legal conclusion to which no response is required.

222. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 222 of the Counterclaim, some of which seek a legal conclusion to which no response is required.

223. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 223 of the Counterclaim, some of which seek a legal conclusion to which no response is required.

224. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 224 of the Counterclaim.

225. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 225 of the Counterclaim.

226. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 226 of the Counterclaim.

227. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 227 of the Counterclaim.

228. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 228 of the Counterclaim.

229. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 229 of the Counterclaim.

230. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 230 of the Counterclaim.

231. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 231 of the Counterclaim.

232. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 232 of the Counterclaim.

233. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 233 of the Counterclaim.

234. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 234 of the Counterclaim.

235. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 235 of the Counterclaim.

236. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 236 of the Counterclaim.

237. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 237 of the Counterclaim, which seek legal conclusions to which no response is required.

238. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 238 of the Counterclaim, which seek only legal conclusions to which no response is required.

239. Fisher & Paykel Healthcare denies the allegations contained in Paragraph 239 of the Counterclaim, which seek only legal conclusions to which no response is required.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Counterdefendant Fisher & Paykel Healthcare prays for judgment on Flexicare's Counterclaim as follows:

A. That the Court enter judgment against Flexicare on its Counterclaim; that Flexicare take nothing by reason of its Counterclaim; and that the Counterclaim be dismissed with prejudice;

B. That Fisher & Paykel Healthcare be awarded its costs and fees incurred in defending Flexicare's Counterclaim, including attorneys' fees, pursuant to 35 U.S.C. § 285; and

C. That Fisher & Paykel Healthcare be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  November 6, 2019       By: */s/ Sheila N. Swaroop*
　　　　　　　　　　　　　　　　　Stephen C. Jensen
　　　　　　　　　　　　　　　　　Sheila N. Swaroop
　　　　　　　　　　　　　　　　　David G. Jankowski
　　　　　　　　　　　　　　　　　Marko R. Zoretic
　　　　　　　　　　　　　　　　　Benjamin J. Everton
　　　　　　　　　　　　　　　　　Douglas B. Wentzel

Attorneys for Plaintiff
FISHER & PAYKEL HEALTHCARE LIMITED