Stephen C. Jensen (SBN 149,894)
steve.jensen@knobbe.com
Sheila N. Swaroop (SBN 203,476)
sheila.swaroop@knobbe.com
David G. Jankowski (SBN 205,634)
david.jankowski@knobbe.com
Marko R. Zoretic (SBN 233,952)
marko.zoretic@knobbe.com
Benjamin J. Everton (SBN 259,214)
ben.everton@knobbe.com
Douglas B. Wentzel (SBN 313,452)
douglas.wentzel@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
**FISHER & PAYKEL HEALTHCARE LIMITED**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| FISHER & PAYKEL HEALTHCARE LIMITED, a New Zealand corporation,<br><br>Plaintiff,<br><br>v.<br><br>FLEXICARE INCORPORATED, a California corporation,<br><br>Defendant. | Case No. 8:19-CV-00835-JVS-DFM<br><br>**FISHER & PAYKEL HEALTHCARE'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND SECOND AMENDED COMPLAINT**<br><br>HEARING:<br>February 10, 2020<br>1:30 p.m.<br>Courtroom 10C<br><br>Honorable James V. Selna |

# TABLE OF CONENTS

**Page No.**

I. INTRODUCTION ..................................................................................... 1

II. FACTUAL BACKGROUND ................................................................... 2

    A. Procedural Posture ......................................................................... 2

    B. The Proposed Additional Defendants ............................................ 3

III. LEGAL STANDARDS ............................................................................ 4

IV. ARGUMENT ........................................................................................... 4

    A. FPH is Acting in Good Faith and Without Undue Delay .............. 4

        1. Motion for Leave to Add Defendants ................................... 4

        2. Motion for Leave to Formally Remove Cause of Action for Infringement of '092 Patent ................................ 6

    B. Adding Flexicare Medical and Flexicare Group and Formally Removing the '092 Patent Would Not Prejudice Defendants ........................................................................ 8

    C. FPH's Amendments Are Not Futile .............................................. 9

V. CONCLUSION ........................................................................................ 9

# TABLE OF AUTHORITIES

**Page No(s).**

*Alcon Research Ltd. v. Barr Labs. Inc.*,
   745 F.3d 1180 (Fed. Cir. 2014) ................................................................. 7

*Audionics System, Inc. v. AAMP of Florida, Inc.*,
   No. 2:12-cv-10763, 2015 WL 12712288
   (C.D. Cal. July 10, 2015) ........................................................................... 7

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ................................................................... 4

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................... 4

*Griggs v. Pace Am. Grp., Inc.*,
   170 F.3d 877 (9th Cir. 1999) ..................................................................... 4

*Miller v. Rykoff-Sexton, Inc.*,
   845 F.2d 209 (9th Cir. 1988) ..................................................................... 9

*Realtime Data LLC v. Echostar Corp.*,
   No. 6:17-cv-00084, 2018 WL 6267332
   (E.D. Tex. Nov. 29, 2018) ......................................................................... 7

*SanDisk Corp. v. Kingston Tech. Co.*,
   695 F.3d 1348 (Fed. Cir. 2012) ................................................................. 7

**STATUTES**

35 U.S.C. § 271 ................................................................................................ 9

Fed. R. Civ. P. 15 ........................................................................................ 4, 7

Fed. R. Civ. P. 16 ............................................................................................ 6

Plaintiff Fisher & Paykel Healthcare Limited ("Plaintiff" or "FPH") hereby submits this memorandum in support of its motion for leave to amend its Second Amended Complaint to formally remove its cause of action for infringement of U.S. Patent No. 8,267,092 ("the '092 Patent") and add as defendants Flexicare Medical Ltd. ("Flexicare Medical") and Flexicare (Group) Ltd. ("Flexicare Group"). FPH's motion is supported by the declaration of Marko R. Zoretic, filed herewith.

## I. INTRODUCTION

On or about May 31, 2019—after FPH's Complaint was filed—Flexicare Medical released a report showing a significant transfer of business functions and assets from Flexicare Medical to Flexicare Group. After months of delay in responding to a discovery request served by FPH on July 8, 2019, the currently named defendant, Flexicare Inc. ("Flexicare"), produced samples of the accused products on November 1, 2019. The labeling of each such product showed that it was manufactured by Flexicare Medical. Spurred by this apparent connection between Flexicare Medical and the accused products sold by Flexicare in the United States, FPH obtained a non-public report on November 18, 2019, showing that Flexicare Medical had indeed made two large shipments of products to Flexicare in Irvine, California during 2018. Two days later, on November 20, counsel for FPH learned that Flexicare Medical consented to adding Flexicare Group as a defendant in concurrent patent litigation in the United Kingdom. As such, given the strong links between these entities and infringing conduct in the United States, FPH seeks leave to add Flexicare Medical and Flexicare Group as defendants.

In addition, the '092 Patent has not been an asserted patent in this action since November 5, 2019, when, as part of the process to narrow the number of claims in dispute, FPH informed Flexicare that it was no longer asserting any claims from the '092 Patent. FPH also informed the Court on November 8, 2019

that the '092 Patent was no longer asserted, which Flexicare acknowledged was "now out of the case." Dkt. 69 at 9:18–21. FPH therefore seeks leave to amend its Complaint to formally remove its cause of action for infringement of the '092 Patent, which was removed from this action months ago.

FPH's Proposed Third Amended Complaint is attached as Exhibit 1 to the Zoretic Declaration. A redline showing the proposed amendments is attached as Exhibit 2. FPH respectfully submits that leave to amend should be granted because FPH's Proposed Third Amended Complaint is brought in good faith, FPH acted without undue delay, Flexicare would not be unduly prejudiced, and the claims of the Proposed Third Amended Complaint are not futile.

## II. FACTUAL BACKGROUND

### A. Procedural Posture

On May 3, 2019, FPH filed this action against Flexicare Inc. ("Flexicare") alleging infringement of U.S. Patent Nos. 10,159,814, 7,140,366, 10,252,017, 7,958,891, 7,559,324, 7,043,979, 7,493,902, and 8,267,092 ("the '092 Patent"). Dkt. 1 (FPH's Complaint). The fact discovery cut-off in this action is scheduled for September 7, 2020, and trial is scheduled for February 2, 2021. Dkt. 39.

On June 21, 2019, FPH filed its First Amended Complaint, adding allegations of infringement of U.S. Patent No. 10,286,174, which issued after FPH's initial Complaint was filed. Dkt. 35. On August 19, 2019, FPH filed its Second Amended Complaint, adding allegations of infringement of U.S. Patent No. 10,350,376, which issued after FPH's initial and First Amended Complaints were filed. Dkt. 44.

On August 19, 2019, FPH served Flexicare with its infringement contentions which included a total of 133 asserted claims across the 10 patents being asserted at that time. Zoretic Decl. ¶ 1. After obtaining two extensions (Dkt. 43; Dkt. 59), Flexicare served FPH with its invalidity contentions on October 17, 2019. Zoretic Decl. ¶ 2. On October 31, 2019, Flexicare informed

FPH that it sought to add invalidity counterclaims for all asserted patents. *Id.*, Ex. 3.

On November 20, 2019, FPH responded to Flexicare's request to add invalidity counterclaims and informed Flexicare that FPH sought to amend its complaint to formally remove its cause of action for infringement of the withdrawn '092 Patent as well as add Flexicare's sister and parent companies—Flexicare Medical and Flexicare Group, respectively—as defendants. *Id.*, Ex. 4. The parties discussed the proposed pleading amendments at a Local Rule 7-3 conference of counsel on December 3, 2019 and engaged in several follow up discussions in an attempt to reach a stipulated agreement, but were unable to do so. *Id.* ¶ 3.

**B.     The Proposed Additional Defendants**

Flexicare Medical and the existing defendant, Flexicare, are wholly owned subsidiaries of Flexicare Group, their parent company. *Id.*, Ex. 5 at 108. FPH's proposed pleading alleges that these two additional Flexicare entities—Flexicare Group and Flexicare Medical—are acting in concert with the currently named defendant, Flexicare Inc., to engage in acts of infringement. These allegations are based in part on the fact that individual directors of Flexicare Group and Flexicare Medical exert control over and remain involved with Flexicare. For example, Dr. Ghassem Poormand and Mr. Khashayar Poormand are directors of, and have "significant influence or control" over, Flexicare Group. *Id.* at 80, Ex. 6. Dr. Ghassem Poormand owns 75% or more of Flexicare Group's shares and voting rights, and can appoint and remove its directors. *Id.*, Ex. 6. Mr. Khashayar Poormand is also a director of, and "[h]as significant influence or control" over, Flexicare Medical. *Id.*, Ex. 7 at 119, Ex. 8. He is also listed as the official correspondent with the FDA for Flexicare, the currently named defendant, and Flexicare Medical. *Id.*, Exs. 9, 10. Another member of the Poormand family, Shaz Poormand, is a Vice President of Flexicare in Irvine, CA. *Id.*, Ex. 11.

Flexicare Group and Flexicare Medical share the same office location in the United Kingdom. *Id.*, Ex. 5 at 80, Ex. 7 at 119. Flexicare Medical, in turn, is involved with shipping the accused products to Flexicare in the United States (*Id.* ¶ 4), regulatory submissions to the FDA for the accused products (*Id.* ¶ 5), and registration of U.S. trademarks for marks associated with the VENTIMYST and VEOFLO products accused of infringement (*Id.*, Exs. 12, 13). Moreover, Flexicare Group operates the website from which the accused products are marketed and offered for sale. *Id.*, Ex. 14.

### III. LEGAL STANDARDS

Under Fed. R. Civ. P. 15(a)(2), courts "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend pleadings should be "freely given"). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). "A district court determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (internal citation omitted). The consideration of prejudice to the opposing party "carries the greatest weight." *Eminence*, 316 F.3d at 1052.

### IV. ARGUMENT

**A.  FPH is Acting in Good Faith and Without Undue Delay**

FPH brings this motion for leave in good faith and without undue delay.

**1.  Motion for Leave to Add Defendants**

FPH seeks to amend the complaint to add Flexicare Medical and Flexicare Group as defendants based upon a good faith believe that these entities engage in activities in the ordinary course of business that constitute direct infringement of

the asserted patents in this case. FPH has been diligent and has not unduly delayed in seeking to add these entities to the case.

On or about May 31, 2019, after FPH's original Complaint was filed, each of Flexicare Medical and Flexicare Group publicly released an "annual report and financial statements for the year ending 30th November 2018". Zoretic Decl., Exs. 5, 7. Flexicare has not produced either report in discovery, and it was not until August 26, 2019, after FPH's Second Amended Complaint (Dkt. 44) was filed, that counsel for FPH first learned of these reports. Zoretic Decl. ¶ 6. The report for Flexicare Medical explained that it was recently involved in a reorganization such that "functions form[er]ly undertaken by [Flexicare Medical] have been transferred to Flexicare (Group) Limited." *Id.*, Ex. 7 at 121. The reorganization also involved a large (£4,000,000) transfer of assets from Flexicare Medical to Flexicare Group. *Id.*

FPH served a discovery request on July 8, 2019 for samples of all of the accused products, which Flexicare finally produced on November 1, 2019. Zoretic Decl. ¶ 7. Every accused product sample that Flexicare produced included a label showing the product was distributed by Flexicare but manufactured by Flexicare Medical. *Id.* Given this information linking Flexicare Medical to products sold in the United States, FPH then ordered a non-public report to determine whether Flexicare Medical was involved with importing (i.e., shipping) the accused products into the United States. *Id.* ¶ 4. FPH received that report on November 18, 2019, which showed that Flexicare Medical Ltd. was identified as the shipper over 10,000 kilograms of products (from a location in China) to current defendant Flexicare Inc. in Irvine, California on two separate occasions in 2018. *Id.* ¶ 4.

Further, as Flexicare acknowledged in its motion to add counterclaims, "[b]oth UK entities—Flexicare Medical Limited and Flexicare (Group) Limited—are defendants in a concurrent case being pursued by F&P under the

-5-

same family of patents in The High Court of Justice" in the United Kingdom (the "U.K. Case"). Dkt. 84-1 at n.1. However, Flexicare Medical was the original defendant in the U.K. Case. Zoretic Decl. ¶ 8. And, counsel for FPH did not learn until November 20, 2019 that Flexicare Medical agreed to have Flexicare Group added as a defendant in the U.K. Case based at least partly on the above-described transfer of business functions and assets to Flexicare Group, which was not publicly available information prior to FPH's filing of this action and the U.K. Case. Zoretic Decl. ¶ 9. That same day, on November 20, 2019, FPH raised the issue of adding defendants to this case with counsel for Flexicare, just six months after its initial complaint and with over two months remaining before the Court-ordered deadline of January 31, 2020 for amending pleadings or adding parties. Zoretic Decl., Ex. 4; Dkt. 39.[1] FPH was therefore diligent in seeking this amendment, which comes at what Flexicare admits is "an early stage" of the case, Dkt. 84-1 at 1, where trial is still over a year away, Dkt. 39.

FPH's proposed pleading incudes allegations explaining the relationships between the various Flexicare entities and their roles in the alleged infringement of the remaining nine asserted patents. *See* Zoretic Decl., Ex. 1 at 7-13.

**2.** **Motion for Leave to Formally Remove Cause of Action for Infringement of '092 Patent**

FPH's amendment to the complaint to formally remove its cause of action for infringement of the '092 Patent is in good faith because the '092 Patent has not been a part of the case since November 5, 2019. Specifically, as part of the Court-ordered process to narrow the number of claims in dispute, FPH informed Flexicare on November 5, 2019 that it was no longer asserting any claims from

---

[1] In its pending motion for leave to amend, Flexicare included a request to amend the scheduling order under Rule 16. Because both parties' requests for leave to amend are being filed before the January 31, 2020 pleading deadline, FPH does not believe that Rule 16 applies. To the extent it does, this motion demonstrates FPH's good cause in seeking the current amendments.

-6-

| | |
|---|---|
| 1 | the '092 Patent. *Id.*, Ex. 15. At the November 8, 2019 status conference, the |
| 2 | Court ordered FPH to reduce its number of asserted claims to 40 by December 2, |
| 3 | 2019, and Flexicare to reduce its number of prior art references to 40 by |
| 4 | December 9, 2019. Dkt. 68 at 4–5. At the status conference, counsel for Flexicare |
| 5 | also explained on the record that it had "been asking for [the '092 and '902 |
| 6 | Patents] to be dropped from the case," and stated "at least one of [the '092 and |
| 7 | '902 Patents] now has been dropped, ***so [the parties] have a concession that the*** |
| 8 | ***'092 [Patent] is now out of the case***." Dkt. 69 at 10:1–7, 9:18–21 (emphasis |
| 9 | added). Counsel for FPH confirmed as much by stating "[w]e have notified |
| 10 | Flexicare that *[FPH] will not be asserting claims from [the '092] patent*." *Id.* at |
| 11 | 9:23–25 (emphasis added). |
| 12 |     The Federal Circuit has treated such informal withdrawals as "akin to either |
| 13 | a Federal Rule of Civil Procedure 15 amendment to the complaint … or a Rule |
| 14 | 41(a) voluntary dismissal of claims without prejudice." *SanDisk Corp. v.* |
| 15 | *Kingston Tech. Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012); *see also Alcon* |
| 16 | *Research Ltd. v. Barr Labs. Inc.*, 745 F.3d 1180, 1193 (Fed. Cir. 2014) ("a |
| 17 | patentee's announcement that it was no longer pursuing particular claims, coupled |
| 18 | with its ceasing to litigate them . . . [is] sufficient to remove those claims from the |
| 19 | case even without such formalities" as a formal motion or stipulation); *Audionics* |
| 20 | *System, Inc. v. AAMP of Florida, Inc.*, No. 2:12-cv-10763, 2015 WL 12712288, |
| 21 | at *5 (C.D. Cal. July 10, 2015); *Realtime Data LLC v. Echostar Corp.*, No. 6:17- |
| 22 | cv-00084, 2018 WL 6267332, at *3 (E.D. Tex. Nov. 29, 2018). Accordingly, |
| 23 | since November 5, 2019, the '092 Patent has not been part of the case. |
| 24 |     FPH has not engaged in undue delay is seeking to formally remove the '092 |
| 25 | Patent from its cause of action. As explained above, FPH raised the issue with |
| 26 | counsel for Flexicare on November 5, 2019 as part of the process to narrow the |
| 27 | number of claims in dispute. Since that time, FPH has made numerous attempts |
| 28 | to avoid motion practice by seeking Flexicare's agreement to FPH's proposed |

amendments. Zoretic Decl. ¶ 10. FPH promptly sought leave after those efforts failed. *Id.*

B. **Adding Flexicare Medical and Flexicare Group and Formally Removing the '092 Patent Would Not Prejudice Defendants**

Adding Flexicare Medical and Flexicare Group as defendants would not prejudice Flexicare, and Flexicare has not identified any prejudice. Fact discovery is still in its early stages and does not close until September 7, 2020. Dkt. 39. And trial is over a year away in February 2021. *Id.* FPH's proposed amendment will not affect any of the existing dates set by the Court's scheduling order.

Further, adding the two related parties will not unnecessarily complicate the case. The corporate and business relationships of Flexicare Medical and Flexicare Group demonstrate significant overlap with the currently named Flexicare defendant. For example, Flexicare Group is Flexicare's parent company (Dkt. 14), and witnesses from Flexicare Group have already been identified in Flexicare's Initial Disclosures as likely to have discoverable information that Flexicare may rely on to support its claims or defenses in this action (Zoretic Decl. ¶ 11). Indeed, Flexicare's Initial Disclosures identify Dr. Ghassem Poormand (*Id.*), who controls Flexicare Group, as well as Flexicare Medical and Flexicare through his control in Flexicare Group (Exs. 5, 6). Further, the Poormands have stayed involved in this U.S. action by, for example, personally attending its various hearings, including the November 8, 2019 status conference attended by Dr. Ghassem Poormand, Khashayar Poormand, and Shaz Poormand, and the Technology Tutorial on January 3, 2020 attended by Dr. Ghassem Poormand. Zoretic Decl. ¶ 12.

Moreover, adding Flexicare Medical and Flexicare Group as defendants does not change the accused products in this case. Indeed, these entities are part

///

-8-

of the same chain of commerce for the accused products as the original defendant, Flexicare.

Formally removing FPH's cause of action for infringement of the '092 Patent would also not prejudice Flexicare, nor has Flexicare identified any such prejudice.

### C. **FPH's Amendments Are Not Futile**

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). FPH's Proposed Third Amended Complaint adds two defendants whom FPH alleges have performed actions that constitute acts of patent infringement under 35 U.S.C. § 271 *et seq.* and formally removes its cause of action for infringement of the '092 Patent, which is no longer asserted in this case. FPH's amendment is not futile, and Flexicare has not suggested otherwise.

### V. **CONCLUSION**

For the reasons set forth above, FPH respectfully requests that the Court grant FPH's motion for leave to file its Third Amended Complaint.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 13, 2020  By: */s/ Sheila N. Swaroop*
Stephen C. Jensen
Sheila N. Swaroop
David G. Jankowski
Marko R. Zoretic
Benjamin J. Everton
Douglas B. Wentzel

Attorneys for Plaintiff
FISHER & PAYKEL HEALTHCARE LIMITED