1 | JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  | jakro@kslaw.com
2 | KING & SPALDING LLP
  | 633 West Fifth Street, Suite 1600
3 | Los Angeles, CA 90071
  | Telephone: 213-443-4355
4 | Facsimile: 213-443-4310

5 | CHRISTOPHER C. CAMPBELL *(pro hac vice)*
  | chris.campbell@kslaw.com
6 | KING & SPALDING LLP
  | 1700 Pennsylvania Avenue, NW, Suite 200
7 | Washington, DC 20006-4707
  | Telephone: 202-626-5578
8 | FACSIMILE: 202-626-3737

9 | JAMES P. BROGAN (Bar No. 155906)
  | jbrogan@kslaw.com
10 | KING & SPALDING LLP
   | 1515 Wynkoop Street, Suite 800
11 | Denver, CO 80202
   | Telephone: 720-535-2310
12 | Facsimile: 720-535-2400

Attorneys for Defendants
FLEXICARE INCORPORATED; FLEXICARE MEDICAL LIMITED; AND FLEXICARE (GROUP) LIMITED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| FISHER & PAYKEL HEALTHCARE LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> FLEXICARE INCORPORATED, FLEXICARE MEDICAL LIMITED, and FLEXICARE (GROUP) LIMITED, <br><br> Defendants. | Case No. 8:19-CV-00835JVS(DFMx) <br> [*The Honorable James V. Selna*] <br><br> **JOINT STATUS REPORT REGARDING PROPOSALS TO NARROW ASSERTED CLAIMS AND PRIOR ART REFERENCES** |

## I. CLAIM NARROWING BACKGROUND

At the Status Conference on November 8, 2019, the Court ordered the parties to narrow to 40 asserted claims and 40 prior art references before claim construction. Dkt. No. 68 ("The Court finds that reduction to 40 claims and 40 prior art references is reasonable"). Both parties have done so.

At the January 13, 2020 Markman hearing, counsel for Defendant Flexicare asked the Court to provide guidance on additional narrowing after claim construction. Jan. 13, 2020, Claim Construction Hr'g Tr. at 49:9-14. In response, the Court asked the parties to "[p]ut in a joint brief with your proposals for narrowing." *Id.* at 49:17-18. The parties provide the following proposals in response to the Court's request.

## II. PLAINTIFF FISHER & PAYKEL HEALTHCARE'S PROPOSAL

The parties previously presented their two-stage claim and prior art narrowing proposals in the November 4, 2019 Joint Status Report and at the November 8, 2019 Status Conference, Dkt. 63 at 3–8; Dkt. 69 at 3:12–5:5, 6:6–14, in which both parties agreed that the case should be narrowed at one stage prior to claim construction and at a second stage in September 2020 after the close of fact discovery, prior to the submission of expert reports.

Consistent with this two-stage approach of narrowing once before claim construction and again at the end of fact discovery, FPH has narrowed its assertions of infringement from 133 originally asserted claims to the current set of 40 claims, and will be prepared to further narrow the case to 25 claims after the parties have engaged in fact discovery. There are no changed circumstances that would warrant a departure from the two-stage approach to claim and prior art narrowing that both parties previously proposed, and fact discovery is necessary to understand the bases for Flexicare's non-infringement and invalidity positions in view of the governing claim construction.

For these reasons, FPH respectfully requests that the Court adopt the parties' previously agreed-upon proposal that any further claim and prior art narrowing should

occur in September 2020 after the parties have engaged in fact discovery, and suggests that the Court continue to use a 1:1 ratio of claims to prior art references, such that FPH would narrow to no more than 25 claims by September 14, 2020, and Flexicare would narrow to no more than 25 prior art references by September 21, 2020.

### III.   FLEXICARE'S PROPOSAL

Flexicare proposes FPH narrow its asserted claims to 20 within 10 days of the claim construction order and Flexicare narrow its prior art references to 30 within 10 days of receiving FPH's narrowed list of asserted claims.  Flexicare's proposal will help focus discovery, which is becoming extraordinarily active, and continue narrowing this case for trial.  FPH has Flexicare's invalidity and non-infringement contentions, served on October 17, 2019, and Flexicare's core technical document production, served on August 30, 2019.  Beyond the Court's claim constructions, no additional information is needed for FPH to narrow the number of asserted claims.

At the November 8, 2019 Status Conference, the Court indicated that further narrowing in light of the Court's claim constructions should be discussed at Markman. Dkt. 69 at 6:6–8 ("Let's discuss at the Markman hearing a further reduction in light of the Court's constructions and leave the specifics of that until that time.").  Flexicare's proposal for narrowing after Markman and the proposed ratio of claims to prior art references is reasonable and consistent with typical narrowing in patent cases.

For example, in ordering a 25:35 ratio of asserted claims to prior art references, this Court noted, "Invalidity arguments based on obviousness for a single claim often require a combination of two, three, or more prior art references." *Universal Elecs. Inc. v. Roku Inc.*, Case No. 18-CV-1580-JVS-ADx, 2019 WL 1878351, at *3-5 (C.D. Cal. Mar. 14, 2019) (narrowing case to 25 asserted claims and 35 prior art references before claim construction).  The same reasoning is applicable in this case where Flexicare relies on obviousness combinations of prior art against each of the 40 asserted claims.

Other courts have applied similar ratios of asserted claims to prior art during case narrowing.  *See, e.g.*, *Oracle Am., Inc. v. Google Inc.*, Case No. 10-CV-03561-WHA,

2011 WL 12209477 (N.D. Cal. May 3, 2011) (ordering 40 asserted claims and 120 prior art references immediately following claim construction order); *Straight Path IP Group, Inc. v. Apple Inc.*, Case No. 16-CV-03582-WHA, 2017 WL 1365124, at *2 (N.D. Cal. Apr. 13, 2017) (narrowing case to 10 asserted claims and 20 invalidity references before claim construction); *Unwired Planet LLC v. Google Inc.*, No. 3:12-CV-0504-MMD, 2013 WL 5592896, at *5 (D. Nev. Oct. 10, 2013) (rejecting 1:1 asserted claim to prior art ratio and acknowledging "[p]roof of obviousness requires a combination of prior art references. . . . [O]bviousness may be based on a combination of two or more prior art references, and it often is.").

      For the reasons stated above, Flexicare proposes FPH narrow its number of asserted claims to 20 within 10 days of the claim construction order and Flexicare narrow its prior art refences to 30 within 10 days of receiving FPH's narrowed claims.

DATED: February 21, 2020   KING & SPALDING LLP

By: */s/ Christopher C. Campbell*
    Christopher C. Campbell
    Joseph N. Akrotirianakis
    James P. Brogan
    Attorneys for Defendants
    FLEXICARE INCORPORATED;
    FLEXICARE MEDICAL LIMITED; AND
    FLEXICARE (GROUP) LIMITED

DATED: February 21, 2020   KNOBBE, MARTENS, OLSON & BEAR, LLP

By: */s/ Sheila N. Swaroop*
    Stephen C. Jensen
    Sheila N. Swaroop
    David G. Jankowski
    Marko R. Zoretic
    Benjamin J. Everton
    Douglas B. Wentzel
    Attorneys for Plaintiff
    FISHER & PAYKEL HEALTHCARE LIMITED

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: February 21, 2020     KING & SPALDING LLP

By: */s/ Christopher C. Campbell*
    Christopher C. Campbell
    Joseph N. Akrotirianakis
    James P. Brogan
    Attorneys for Defendants
    FLEXICARE INCORPORATED;
    FLEXICARE MEDICAL LIMITED; AND
    FLEXICARE (GROUP) LIMITED