UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 19-00835-JVS (DFMx) | Date: | November 4, 2020 |
|---|---|---|---|
| Title | Fisher and Paykel Healthcare Limited v. Flexicare Incorporated | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Motion to Compel (Dkt. 180)

 FPH filed a motion to compel three documents that were produced and subsequently clawed back by Flexicare. See Dkt. 180. Following a telephonic hearing, I denied the motion, finding that the documents were not protected by attorney-client privilege, but were subject to the work-product doctrine, which Flexicare had not waived. See Dkt. 203 ("Order"). Flexicare sought review of the Order. See Dkt. 218. Judge Selna granted the motion and remanded to me the motion to compel "to determine whether the documents are 'dual purpose' documents requiring application of both prongs of the 'because of' test." Dkt. 229.

 "To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'" United States v. Richey, 632 F.3d 559, 568 (9th Cir. 2011) (citing In re Grand Jury Subpoena, Mark Torf/Envtl. Mgmt., 357 F.3d 900, 907 (9th Cir. 2004)). In applying this test, courts distinguish between "single purpose" and "dual purpose" documents. Single-purpose documents are created "exclusively in anticipation of litigation" and are "clearly . . . afforded protection under Rule 26(b)(3)." Torf, 357 F.3d at 907. "In circumstances where a document serves a dual purpose, that is, where it was not prepared exclusively for litigation, then the 'because of' test is used." United States v. Richey, 632 F.3d 559, 567-68 (9th Cir. 2011) (citing Torf, 357 F.3d at 907). The "because of" standard "considers the totality of the circumstances and affords protection when it can fairly be said that the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation." Torf, 357 F.3d at 908 (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

### A. The Documents Are Single Purpose

For many of the reasons set out in the Order, I find that the documents at issue are single purpose because they were prepared "exclusively in anticipation of litigation." Significantly, the documents were created on April 6 and 7, 2019, after Flexicare had received a notice letter and retained counsel, and a week before Flexicare's lawyers in the US and UK sent substantive responses to FPH's infringement allegations. The documents discuss preliminary and rudimentary testing that, given the circumstances, was performed as a direct result of FPH's infringement allegations. See Dolby, 402 F.Supp.3d at 869 (concluding that work-product protection applied to documents that contained indications that they were prepared in direct response to the subject matter of the lawsuit). The documents reference a Flexicare attorney and state that "we can discuss this internally before communicating to the attorneys." The documents also discuss strategy, as well as issues that could arise in patent litigation with FPH, such as prior art.

During the hearing, FPH made the non-controversial point that a notice letter alone does not create a reasonable anticipation of litigation. But as set out above, FPH sent cease-and-desist letters to Flexicare in the US and UK and to its US distributor less than four weeks before the creation of the documents in question. The letters alleged Flexicare infringed FPH's patents and instructed Flexicare to cease all infringing activities or face litigation. True to its word, FPH did file suit less than a month after the documents were created.

It is also not clear to me what independent non-litigation purpose would have prompted the documents' creation in the same or substantially similar form. FPH argued in its supplemental briefing that Flexicare had previously performed the same type of water absorption testing. But Flexicare's 2016 testing concerned whether its products met minimum absorption requirements stated on the product data sheet, see Suppl. Wentzel. Decl., Ex. 9 at 5-7, not if they transmitted water vapor without allowing the transmission of liquid water, at issue in this litigation, see Sauer Decl., Exs. F, J. That Flexicare, like all medical equipment manufacturers, performs routine product testing does preclude it from asserting work product protection for experiments done in response to allegations of infringement.

Comparisons to cases involving dual purpose documents is instructive. For example, in Torf, 357 F.3d at 907, certain documents were dual purpose because they were prepared at the behest of an EPA information request. In Richey, 632 F.3d at 569, an appraisal report served a dual purpose because it was submitted as a part of a tax return. See also Tri State Generation and Transmission Assoc. v. Mitsubishi Int'l Corp., 2016 WL 3854455, at *2 (D. Ari. July 15, 2016) (finding report to be a "dual purpose document" because "following any industrial accident, it can be expected that designated personnel will conduct investigations, not only out of a concern for future litigation, but to prevent reoccurrences and to improve safety and efficiency in the facility") (citation omitted). Here, by contrast, there is no obvious catalyst to the creation of the documents besides the threat of imminent patent litigation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

It is not lost on me that but for the reference to "Andrew," no attorneys appear to be involved in the communications or testing. But as explained previously, attorney involvement is not a precondition for work-product protection, so long as the materials are created in anticipation of litigation. Indeed, by distinguishing between a party and its attorney and applying its protection to documents prepared by either group, Rule 23(b)(3) makes clear that documents prepared without attorney involvement can be protected work product.

### B. Work Product Applies Even if the Documents Are Dual Purpose

Assuming the documents are "dual purpose," Judge Selna has asked me to consider the second prong of the "because of," test, which examines whether the documents "would not have been created in substantially similar form but for the prospect of that litigation." Torf, 357 F.3d at 908.

I conclude that the answer to that question is no. Again, timing is everything. The documents were created after Flexicare had received a notice letter and retained counsel, and a week before Flexicare's lawyers sent substantive responses to FPH's infringement allegations. The subject matter of the responses generally tracks the subject matter of the documents, even though the responses were ultimately dissimilar in content. Additionally, the documents indicate that the purpose which permeated the creation of the internal communications was defending against FPH's legal claim. The documents show that once the notice letter was received, Flexicare executives set about performing rudimentary and preliminary testing in order to develop responses against FPH's claims of infringement. There is no reason why Flexicare would have created the documents in the same or substantially similar form in the normal course of business, but for the anticipation of litigation. See Torf, 357 F.3d at 910 ("The documents are entitled to work product protection because, taking into account the facts surrounding their creation, their litigation purpose so permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole."); In re: Bard Ivc Filters Prod. Liab. Litig., No. 2641, 2016 WL 537587, at *3 (D. Ariz. Feb. 11, 2016) (finding that dual purpose report was entitled to work product protection because, among other things, it had a "broader focus" than evaluations done in ordinary course of business).

The documents are entitled to work product protection. FPH's motion to compel is DENIED.