UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 19-00835-JVS (DFMx) | Date: | December 2, 2020 |
|---|---|---|---|
| Title | Fisher and Paykel Healthcare Limited v. Flexicare Incorporated | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Discovery Disputes

The parties have presented two discovery issues for resolution through my informal telephone conference procedure. The parties agreed that these issues could be decided based on their letters and the comments of counsel. My rulings follow.

**Flexicare's Request for Additional Depositions.** Flexicare seeks relief from the Court's "prima facie" cap of 15 depositions. Flexicare wants to take four additional depositions. FPH recognizes that additional depositions might be warranted but asks that Flexicare be limited to 20 hours for those four additional depositions as well as a fifth deposition that is taking place as this order is being written. Flexicare's request is well-taken. Three of the witnesses are inventor-witnesses and Judge Selna has recognized the importance of that type of witness in this matter. I accordingly grant Flexicare's request for the four additional depositions. No hours limitation (other than the usual limit of 7 hours) will be imposed. The fact discovery cutoff of January 11, 2021 (see Dkt. 171) remains in place.

**FPH's Request to Resume/Reopen Depositions.** FPH wants to resume or reopen the depositions of Dr. Ghassem Poormand (Flexicare's President) and Geraint Whitcombe (a Flexicare engineer), each of whom was deposed earlier this year. Flexicare subsequently produced hundreds of emails collected from these witnesses—by its own count, approximately 500 for Whitcombe and 1,400 for Dr. Poormand. FPH needs leave of court under Rule 30(a)(2)(A)(ii), which states that leave should be granted consistent with Rule 26(b)(1) and (2). Although repeat depositions are disfavored, the production of additional documents can be "good cause" that justifies an order that allows a deposition of someone who has already been deposed. Here, the fact that additional relevant documents have been produced plus the fact that these witnesses are central to the parties' dispute warrants granting FPH the relief it seeks. I am not persuaded that it's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

reasonable to require FPH to ask other witnesses about these documents. Accordingly, I grant FPH's request for leave to resume or reopen their depositions. Flexicare shall make each witness available for up to 3 hours; said depositions will be limited to discovery produced after (or less than 1 week before) their prior deposition.