UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV 19-00835-JVS (DFMx) | Date: | December 17, 2020 |
|---|---|---|---|
| Title | Fisher and Paykel Healthcare Limited v. Flexicare Incorporated | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order re: Defendants' Motion to Compel Production of Documents and Privilege Log (Dkt. 237)

    Defendants Flexicare Incorporated, Flexicare Medical Limited, and Flexicare Group Limited (collectively, "Flexicare") move for an order compelling Plaintiff Fisher & Paykel Healthcare Limited ("FPH") to produce: (1) any non-privileged information responsive to RFP Nos. 13 and 109; and (2) a privilege log for any documents withheld on the basis of privilege objections.

    The RFPs are straightforward. RFP No. 13 seeks documents related to FPH's pre-filing investigation of its claims against Flexicare. RFP No. 109 seeks documents related to Knobbe Martens' involvement in the investigation of Flexicare's alleged patent infringement or prosecution of the Asserted Patents before October 3, 2017.

    The responses to the RFPs are likewise straightforward. For RFP No. 13, FPH responded that it will produce non-privileged documents responsive within its possession, custody, or control. For RFP No. 109, FPH responded that there are no non-privileged documents responsive to the request. The parties thus focus on the privilege log question.

    Ordinarily, a privilege log is required by Rule 26(b)(5) if documents are withheld based on privilege. But FPH contends that the privileged documents are irrelevant. And that brings the focus to the underlying conflict of interest issue identified in the parties' papers. To describe that issue briefly, Flexicare is "concerned" that FPH's outside counsel at Knobbe has a potential conflict of interest that may require the firm's disqualification. The basic facts are these: Knobbe represented Flexicare in several matters from 2014 to 2017. When Flexicare engaged Knobbe, FPH was already an existing Knobbe client. When the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

engagement started, Flexicare signed a conflict waiver that FPH now contends waived any conflict with FPH. But Flexicare contends otherwise, arguing that simultaneous adverse representation may require Knobbe's disqualification.

Confronted with this landscape, my concern is that resolving this discovery dispute will require deciding issues I would rather avoid, as the underlying conflict issues present a dilemma better (and more properly) resolved by the district judge. But both sides appear convinced that is not the case.

From FPH's point of view, the issue is clear: it should not have to produce a privilege log because any alleged conflict of interest is not relevant under Rule 26, which permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense." In response, Flexicare cites j2 Glob. Commc'ns Inc. v. Captaris Inc., No. 09-04150, 2012 WL 6618272 (C.D. Cal. Dec. 19, 2012), for the proposition that "a potential conflict of interest . . . is relevant to underlying litigation." But as FPH argues, the court's ruling in j2 makes no mention of Rule 26's relevance standard, much less whether it covers discovery of a potential conflict of interest.

Provided no authority holding that Rule 26's discovery standard permits a party to conduct discovery of an alleged conflict of interest, I conclude that FPH's relevance objections should prevail. That does not mean that FPH is out of the woods; one might conclude that the issues presented by Flexicare's conflict issue warrant some discovery to flesh out the facts surrounding Knobbe's representation of FPH. But as I mentioned above, that decision would require some wading into the issues presented by Flexicare's conflict waiver and more, and those decisions are more appropriately made by the district judge.

Flexicare also argues that FPH's pre-suit investigation is relevant for several other reasons, and that a privilege log for RFP Nos. 13 and 109 is therefore necessary. But Flexicare's reliance on the possibility of Rule 11 litigation is not helpful, as leave of court is generally required before Rule 11 discovery is allowed. See Fed. R. Civ. P. 11 (Advisory Committee Notes, 1983 Amendment) (noting that Rule 11 discovery "should be conducted only be leave of the court, and then only in extraordinary circumstances"). Otherwise, I agree with FPH that Flexicare's relevance arguments do not demonstrate how Knobbe's involvement in its pre-suit investigation is relevant, given that FPH has produced non-privileged information.[1]

---

[1] That fact—that FPH has produced non-privileged documents about its pre-suit investigation—makes unpersuasive Flexicare's reliance on Kajeet, Inc. v. Qustodio, LLC, No. 18-1519, 2019 WL 8060078, *5 (C.D. Cal. Oct. 22, 2019), where Judge Abrams concluded that a defendant's RFAs about the plaintiff's pre-suit investigation were appropriate and overruled the plaintiff's privilege objections, concluding that the RFAs did

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Flexicare also runs into another problem. As FPH notes, the parties stipulated to an order about e-discovery that limited discovery to specific email production requests. <u>See</u> Dkt. 108 ¶ 8. Unsurprisingly, the documents implicated by this dispute are emails, and FPH represents that none of the email communications between itself and Knobbe are implicated by Flexicare's email requests to date. For this additional reason, I will not require FPH to provide a privilege log of its pre-suit communications with Knobbe, as requiring such a log would violate the parties' agreed-upon e-discovery protocol.

In short, I am reluctant to open the door to untargeted discovery about a collateral issue like potential disqualification. And it does not appear that a privilege log is otherwise warranted by the claims and defenses in the case, especially given the parties' stipulated e-discovery order.

---

"not require plaintiff to disclose any confidential communications involving plaintiff's counsel."