JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
jakro@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: 213-443-4355
Facsimile: 213-443-4310

CHRISTOPHER C. CAMPBELL *(pro hac vice)*
chris.campbell@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-4707
Telephone: 202-626-5578
FACSIMILE: 202-626-3737

JAMES P. BROGAN (Bar No. 155906)
jbrogan@kslaw.com
KING & SPALDING LLP
1400 16th Street, Suite 400
Denver, CO 80202
Telephone: 720-535-2310
Facsimile: 720-535-2400

Attorneys for Defendants
FLEXICARE INCORPORATED; FLEXICARE MEDICAL LIMITED; AND FLEXICARE (GROUP) LIMITED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| FISHER & PAYKEL HEALTHCARE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>FLEXICARE INCORPORATED, FLEXICARE MEDICAL LIMITED, and FLEXICARE (GROUP) LIMITED,<br><br>Defendants. | Case No. 8:19-CV-00835JVS(DFMx)<br>[*The Honorable James V. Selna*]<br><br>**SECOND JOINT STATUS REPORT REGARDING PROPOSALS TO NARROW ASSERTED CLAIMS AND PRIOR ART REFERENCES** |

## I. CASE NARROWING BACKGROUND AND STATUS OF THE CASE

At the Status Conference on November 8, 2019, the Court ordered the parties to narrow to 40 asserted claims and 40 prior art references before claim construction. Dkt. No. 68 ("The Court finds that reduction to 40 claims and 40 prior art references is reasonable").

At the November 8, 2019 Status Conference, the Court indicated that a second phase of narrowing to 15 asserted claims and 15 prior art references should occur in 2020. Nov. 8, 2019 Hr'g Tr. at 6:9-14 ("In terms of the second stage of [reductions] in 2020, I think the appropriate number at that point is 15 claims and 15 prior art references."). At that time, the parties were scheduled to complete expert discovery by November 2, 2020 and to commence trial on February 2, 2021. Dkt. No. 39.

At the January 13, 2020 Markman hearing, counsel for Defendant Flexicare asked the Court to provide guidance on additional narrowing after claim construction. Jan. 13, 2020, Claim Construction Hr'g Tr. at 49:9-14. The Court asked the parties to "[p]ut in a joint brief with your proposals for narrowing." *Id.* at 49:17-18. The parties provided proposals on February 21, 2020. Dkt. No. 111. The Court found "no basis to alter the previously adopted procedures for reducing the number of claims and prior art references." Dkt. No. 117.

After the last round of narrowing proposals, Flexicare sought and obtained an extension of the case schedule. Fact discovery now closes January 11, 2021, opening expert reports are due February 1, 2021, rebuttal expert reports are due February 22, 2021, and trial is set for June 1, 2021. Dkt. No. 171 at 6.

## II. DEFENDANTS' FLEXICARE PROPOSAL

FPH currently asserts 40 claims from 9 patents covering three distinct technologies (breathing tubes made of a "breathable" material, nasal cannulas, and the condensation deflector).

FPH must narrow its case now—before expert discovery—as the parties and the Court previously contemplated in the November 4, 2019 Joint Status Report, at the

November 8, 2019 Status Conference, and in the February 21, 2020 Joint Status Report Regarding Proposals to Narrow Asserted Claims and Prior Art References. Dkt. No. 63 at 3, 5-6; Nov. 8, 2019 Hr'g Tr. at 6:9-14; Dkt. No. 111 at 1-2. FPH's position that the Court and parties did not contemplate further narrowing before expert discovery is misleading and belied by the record. *Id.* Flexicare asks the Court for an order requiring narrowing before expert discovery for good reason.

Allowing FPH to proceed through expert discovery with 40 asserted claims (or even 25) would: (1) require Flexicare to incur unreasonable and disproportionate expert discovery costs in preparing invalidity reports on 40 asserted claims from 9 patents covering three distinct technology areas, (2) prejudice Flexicare by limiting its ability to present obviousness combinations by requiring a ratio of 1 asserted claim to 1 prior art reference, and (3) will ultimately burden the Court with a flurry of motions on issues related to claims that will never come close to trial. Further, the current case schedule allots 35 days to submit burden and rebuttal reports and complete expert depositions. Dkt. No. 171 at 6. This schedule is expedited in a single patent case and would be untenable if FPH is permitted to maintain 40 claims from 9 patents through expert discovery. The current schedule allows for only two weeks for expert depositions. Flexicare expects the parties will present 10 experts combined given the expansive scope of the case. 14 days is not sufficient time to conduct the numerous expert depositions that will have to take place. In short, narrowing serves the interest of justice and will help maintain the current schedule.

Specifically, Flexicare proposes FPH narrow the number of asserted claims to 15 on January 11, 2021—at the close of fact discovery and 21 days before opening expert reports are due. 15 claims is consistent with the Court's guidance at the November 8, 2019 status conference:

> In terms of the second stage of productions in
> 2020, I think the appropriate number at that point is 15
> claims and 15 prior art references. So I think that that
> gives you your marching orders at least in the short-run in
> terms of claims reductions and getting to the Markman
> hearing.

Nov. 8, 2019 Hr'g Tr. at 6:9-14. In turn, Flexicare will narrow its asserted prior art references from 40 to 20 on February 1, 2021—concurrently with opening expert reports. The timing of the narrowing is consistent with the parties' agreement that the case should be narrowed "prior to the submission of expert reports." Dkt. No. 111 at 1-2.

Flexicare's narrowing proposal will focus expert discovery. FPH's previous reduction to 40 claims did not result in a substantive narrowing of the case because FPH still asserts nine patents across three distinct technology areas, making this case equivalent to three patent cases in one. Reducing the number of asserted claims to 15 at the close of fact discovery would meaningfully narrow the case and prevent waste of resources during expert discovery and summary judgment.

FPH has had Flexicare's invalidity and non-infringement contentions since October 17, 2019, Flexicare's core technical document production since August 30, 2019, the Court's claim constructions since March 27, 2020, and Flexicare's amended invalidity contentions since July 13, 2020. No additional information is needed for FPH to narrow the number of asserted claims and the time to narrow this case to a triable number of claims is now.

Flexicare's proposal for the ratio of claims to prior art references is reasonable and consistent with typical narrowing in patent cases. For example, in ordering a 25:35 ratio of asserted claims to prior art references, this Court noted, "Invalidity arguments based on obviousness for a single claim often require a combination of two, three, or

more prior art references." *Universal Elecs. Inc. v. Roku Inc.*, Case No. 18-CV-1580-JVS-ADx, 2019 WL 1878351, at *3-5 (C.D. Cal. Mar. 14, 2019) (narrowing case to 25 asserted claims and 35 prior art references before claim construction). The same reasoning is applicable in this case where Flexicare relies on obviousness combinations of prior art against each of the 40 asserted claims. The Court's reasoning in *Universal Elecs.* is of particular importance in this case because FPH maintains nine patents across three distinct technologies.

Other courts have applied similar ratios of asserted claims to prior art during case narrowing. *See, e.g.*, *Oracle Am., Inc. v. Google Inc.*, Case No. 10-CV-03561-WHA, 2011 WL 12209477 (N.D. Cal. May 3, 2011) (ordering 40 asserted claims and 120 prior art references immediately following claim construction order); *Straight Path IP Group, Inc. v. Apple Inc.*, Case No. 16-CV-03582-WHA, 2017 WL 1365124, at *2 (N.D. Cal. Apr. 13, 2017) (narrowing case to 10 asserted claims and 20 invalidity references before claim construction); *Unwired Planet LLC v. Google Inc.*, No. 3:12-CV-0504-MMD, 2013 WL 5592896, at *5 (D. Nev. Oct. 10, 2013) (rejecting 1:1 asserted claim to prior art ratio and acknowledging "[p]roof of obviousness requires a combination of prior art references. . . . [O]bviousness may be based on a combination of two or more prior art references, and it often is.").

For the reasons stated above, Flexicare proposes the following:

| Date | Narrowing |
|---|---|
| Jan. 11, 2021 | FPH to identify 15 asserted claims |
| Feb. 1, 2021 | Flexicare to identify 25 prior art references |

### III.  PLAINTIFF FISHER & PAYKEL HEALTHCARE'S RESPONSE

In its last ruling on this issue, the Court did not request any further proposals from the parties on case narrowing, but instead found "no basis to alter the previously adopted procedures for reducing the number of claims and prior art references." Dkt. No. 117. The Court's previously adopted procedures was that the FPH and Flexicare should narrow to 40 claims and 40 prior art references, respectively, prior to claim construction, and then narrow to 15 claims and 15 prior art references "in 2020." Nov. 8, 2019 Hearing Tr. at 6:9-11. At the time the Court adopted those procedures, the parties were scheduled to complete expert discovery by November 2, 2020 and to conduct a jury trial beginning on February 2, 2021. Dkt. No. 39. Accordingly, it is FPH's position that the Court has already indicated that the parties should narrow to 15 claims and 15 prior art references after expert discovery and prior to trial. FPH is prepared to do just that and does not believe any further status reports are necessary.

Flexicare, however, seeks to submit this unsolicited joint status report to require FPH to narrow to 15 claims **before** expert discovery and to allow Flexicare to identify 20 references on the day that both parties would be submitting opening expert reports. This proposal is not consistent with the 1:1 ratio of claims to prior art already ordered by the Court. In addition, the timing is prejudicial to FPH because it does not provide FPH with the benefit of any narrowing by Flexicare prior to opening expert reports, yet it gives Flexicare the benefit of narrowing by FPH. Finally, Flexicare's proposal is not consistent with the Court's procedures that the parties should narrow to 15 claims and 15 references prior to trial.

If the Court wishes to consider an intermediate stage of case narrowing between the currently identified 40 claims and 40 references and the 15 claims and 15 references for trial, FPH has proposed to Flexicare that both parties narrow to 25 representative claims and 25 references in January 2021 (after the close of fact discovery and prior to the submission of expert reports), and then narrow to 15 representative claims and 15 references in April 2021 (after the close of expert discovery and prior to the June 2021

trial). Specifically, FPH proposed the following:

| Date | Case Narrowing |
|---|---|
| Jan. 15, 2021 | FPH to identify 25 representative claims from Nov. 2019 list |
| Jan. 22, 2021 | Flexicare to identify 25 prior art references from Nov. 2019 list |
| Apr. 14, 2021 | FPH to identify 15 representative claims from Jan. 2021 list |
| Apr. 19, 2021 | Flexicare to identify 15 prior art references from Jan. 2021 list |

Contrary to Flexicare's arguments, FPH's proposal to narrow to 25 claims and 25 references prior to expert discovery is the very same proposal FPH submitted prior to the November 2019 status conference. Dkt. No. 63. Flexicare has refused this proposal.

Finally, Flexicare's assertions regarding the scope of expert discovery do not support its proposal. Flexicare has been aware of the timing and sequencing for expert discovery when the original schedule was adopted in July 2019 and has never sought to adjust that timing.

For these reasons, FPH respectfully submits that the Court should maintain its current procedures for case narrowing.

DATED: December 18, 2020    KING & SPALDING LLP

By: */s/ Christopher C. Campbell*
    Christopher C. Campbell
    Joseph N. Akrotirianakis
    James P. Brogan
    Attorneys for Defendants
    FLEXICARE INCORPORATED;
    FLEXICARE MEDICAL LIMITED; AND
    FLEXICARE (GROUP) LIMITED

DATED: December 18, 2020    KNOBBE, MARTENS, OLSON & BEAR, LLP

By: */s/ Sheila Swaroop (with permission)*
Stephen C. Jensen
Sheila N. Swaroop
David G. Jankowski
Marko R. Zoretic
Benjamin J. Everton
Douglas B. Wentzel
Attorneys for Plaintiff
FISHER & PAYKEL HEALTHCARE LIMITED

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: December 18, 2020    KING & SPALDING LLP

By: */s/ Christopher C. Campbell*
Christopher C. Campbell
Joseph N. Akrotirianakis
James P. Brogan
Attorneys for Defendants
FLEXICARE INCORPORATED;
FLEXICARE MEDICAL LIMITED; AND
FLEXICARE (GROUP) LIMITED

34075825