John B. Sganga, Jr. (116,211)
john.sganga@knobbe.com
Stephen C. Jensen (SBN 149,894)
steve.jensen@knobbe.com
Sheila N. Swaroop (SBN 203,476)
sheila.swaroop@knobbe.com
Marko R. Zoretic (SBN 233,952)
marko.zoretic@knobbe.com
Benjamin J. Everton (SBN 259,214)
ben.everton@knobbe.com
Douglas B. Wentzel (SBN 313,452)
douglas.wentzel@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
**FISHER & PAYKEL HEALTHCARE LIMITED**

[Defendant's counsel listed on next page]

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| FISHER & PAYKEL HEALTHCARE LIMITED, a New Zealand corporation,<br><br>Plaintiff,<br><br>v.<br><br>FLEXICARE INCORPORATED, a California corporation, FLEXICARE MEDICAL LIMITED, a United Kingdom company, and FLEXICARE (GROUP) LIMITED, a United Kingdom company,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 8:19-CV-00835-JVS-DFM<br><br>**STIPULATION AND [PROPOSED] ORDER TO MODIFY PROTECTIVE ORDER**<br><br>Hon. James V. Selna |

JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
jakro@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: 213-443-4355
Facsimile: 213-443-4310

CHRISTOPHER C. CAMPBELL (*pro hac vice*)
chris.campbell@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-4707
Telephone: 202-626-5578
Facsimile: 202-626-3737

JAMES P. BROGAN (CBN 155906)
jbrogan@kslaw.com
KING & SPALDING LLP
1515 Wynkoop Street, Suite 800
Denver, CO 80202
Telephone:  +1 720 535 2300
Facsimile:   +1 720 535 2400

Attorneys for Defendants
FLEXICARE INCORPORATED, FLEXICARE MEDICAL LIMITED, AND FLEXICARE (GROUP) LIMITED

Plaintiff Fisher & Paykel Healthcare Limited ("Plaintiff" or "Fisher & Paykel Healthcare") and Defendants Flexicare Incorporated, Flexicare Medical Limited and Flexicare (Group) Limited (collectively "Flexicare"), through their undersigned counsel, hereby agree and stipulate to the following:

WHEREAS, on May 3, 2019, Fisher & Paykel filed a Complaint in this Court against Flexicare Incorporated as the above-entitled action (the "Fisher & Paykel Action"):

WHEREAS, this Court entered a Protective Order in this case on September 3, 2019 (Dkt. 49) (the "Protective Order"), which is incorporated by reference herein;

WHEREAS, Fisher & Paykel added Flexicare Medical Limited and Flexicare (Group) Limited as Defendants to its Third Amended Complaint, filed on February 7, 2020 (Dkt. 107);

WHEREAS, the Protective Order governed, in part, the protection of certain documents produced in the course of the Fisher & Paykel Action that were designated by the parties as "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive" (collectively "Confidential Information") and the use and disclosure of documents and information so designated ("Protective Material") was restricted, including the restriction that "all Confidential Information that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation, including any post-trial proceedings, appellate proceedings, and not for any other business, proceeding, litigation, or other purpose whatsoever" (Dkt. 49 ¶ 5);

WHEREAS, in the course of the Fisher & Paykel Action, the parties did produce documents that were designated by the party producing them as "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive" under the Protective Order;

WHEREAS, the parties submitted a "Joint Status Report and Motion to Vacate Pretrial and Trial Dates" (Dkt. 538) on February 2, 2022, advising the Court that they had reached a settlement in principal and were working to memorialize the final written agreement to resolve the Fisher & Paykel Action;

WHEREAS, the Court entered an "Order of Dismissal Upon Settlement of Case" (Dkt. 539) on February 2, 2022, dismissing the Fisher & Paykel Action without prejudice, "upon good cause being shown within 90 days, to reopen the action if settlement is not consummated;"

WHEREAS, Paragraph 27 of the Protective Order states that "[w]ithin sixty (60) days following the termination of this action, including all appeals, all documents and materials designated by the opposing party as "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive" . . . shall, upon request, be returned to the producing party, or disposed of pursuant to the instruction of the producing party;

WHEREAS, the parties seek to modify the Protective Order to extend the deadline in Paragraph 27 to return or destroy Confidential Information to no later than ninety (90) days from the Effective Date of any written agreement resolving this action;

WHEREAS, federal courts have jurisdiction to modify protective orders that they issue where they are still in force and effect, even after a judgment is final on a case. *See, e.g., Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 782–783 (1st Cir. 1988) ("we find that, because the protective order was still in effect, the district court had the power to make postjudgment modifications to the protective order"); *FDIC v. Ernst & Ernst*, 677 F.2d 230 232 (2d Cir.1982); Krause v. Rhodes, 671 F.2d 212 (6th Cir.), *cert. denied*, 459 U.S. 823, 103 S.Ct. 54 (1982); *United States v. GAF Corp.*, 596 F.2d 10, 16 (2d Cir.1979); *American Telephone & Telegraph Co. v. Grady*, 594 F.2d 594, 596–97 (7th Cir.1978), *cert. denied*, 440 U.S. 971, 99 S.Ct. 1533 (1979); *Olympic Refining Co. v. Carter*, 332

F.2d 260, 265–66 (9th Cir.), *cert. denied*, 379 U.S. 900 (1964); *Marcus, Myth and Reality in Protective Order Litigation*, 69 Cornell L. Rev. 1, 41–53 (1983); Note, *Nonparty Access to Discovery Materials in Federal Court*, 94 Harv. L. Rev. 1085, 1091–96 (1981); and

WHEREAS, good cause exists for this Court to enter the limited modification to the Protective Order (Dkt. 49), incorporated herein.

NOW, THEREFORE THE UNDERSIGNED COUNSEL AND PARTIES HEREBY STIPULATE AS FOLLOWS:

1. The September 3, 2019 Protective Order entered by this Court in the Fisher & Paykel Action shall be amended and modified as provided herein below to specify that the deadline in Paragraph 27 for the return or destruction of materials designated by the opposing party as "Confidential," "Highly Confidential-Attorneys' Eyes Only," or "Restricted Confidential – Competitively Sensitive" shall occur no later than ninety (90) days from the Effective Date of any written agreement resolving this action;

2. All provisions of the Court's prior Protective Order not amended, modified, or inconsistent with the provisions herein shall remain in full force and effect.

IT IS SO STIPULATED.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 6, 2022   By: */s/ Sheila N. Swaroop*
    John B. Sganga, Jr.
    Stephen C. Jensen
    Sheila N. Swaroop
    Marko R. Zoretic
    Benjamin J. Everton
    Douglas B. Wentzel

Attorneys for Plaintiff
FISHER & PAYKEL HEALTHCARE LIMITED

KING & SPALDING LLP

Dated:  April 6, 2022          By: */s/ Peter Sauer* (with permission)
                                    Christopher C. Campbell
                                    Joseph N. Akrotirianakis
                                    James P. Brogan
                                    Peter Sauer

                                Attorneys for Defendants
                                FLEXICARE INCORPORATED, FLEXICARE MEDICAL LIMITED, AND FLEXICARE (GROUP) LIMITED

### Attestation of Filing

I, Sheila N. Swaroop, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order to Modify Protective Order. In compliance with Local Rule 5-4.3.4, I hereby attest that the above signatories have concurred in this filing's content and have authorized this filing.

### Stipulated Protective Order

Good cause appearing therefore, the Court hereby Orders that the Above Modification to the Protective Order issued in the above-entitled case is granted. All provisions not inconsistent with the above modifications shall remain in full force and effect.

**IT IS SO ORDERED.**

Dated:

                                    Honorable James V. Selna
                                    UNITED STATES DISTRICT JUDGE

55365300